## 18792.   DWYER *v.* KRELSTEIN.

ARGUED NOVEMBER 9, 1954—DECIDED JANUARY 10, 1955.

*George D. Stewart, Durwood Pye, William Hall,* for plaintiff in error.

*T. M. Smith, Jr., Troutman, Sams, Schroder & Lockerman,* contra.

HEAD, Justice. The order of the trial judge shows that no consideration was given by him to the evidence in the case (which had not been concluded) in determining which of the parties was entitled to the custody of their minor child. His order was based on the assumption that he had no jurisdiction to consider the matters alleged in the response occurring since the decree awarding custody.

In *Bragassa* v. *Bragassa,* 197 *Ga.* 140 (28 S. E. 2d 133), it was held: "A judge of the Superior Court of Fulton County, Georgia, has jurisdiction of a habeas corpus case brought by a nonresident mother against two persons residing in said county, who she alleges are illegally detaining her child from her." The petition for habeas corpus in the present case alleged that the respondent was a resident of Fulton County and was retaining possession of the minor child in the county. The trial court, therefore, had jurisdiction of the habeas corpus proceeding. It is the contention of counsel for the petitioner, however, that, while the court was vested with jurisdiction to inquire into the legality of the restraint, it did not have jurisdiction to inquire into the fitness of the nonresident petitioner to have custody of the child.

It is a well-established rule in this State that, while the award of custody in a divorce proceeding is conclusive between the parties to the decree as to the right of custody at that time, it is not conclusive for all time. In a subsequent proceeding by habeas corpus for the possession of the child, between the parties to the decree, the unfitness of the party to whom custody was awarded, since the date of the decree, may be alleged and proved. *Milner* v. *Gatlin,* 139 *Ga.* 109 (76 S. E. 860) ; *Barlow* v. *Barlow,* 141 *Ga.* 535 (81 S. E. 433, 52 L. R. A. (NS) 683) ; *Woodland* v. *Woodland,* 153 *Ga.* 202 (111 S. E. 673) ; *Brandon* v. *Brandon,* 154 *Ga.* 661 (115 S. E. 115) ; *Porter* v. *Chester,* 208 *Ga.* 309, 310 (4) (66 S. E. 2d 729).

The response in the present case, alleging matters transpiring since the date of the award of custody to the mother, was an integral part of the habeas corpus proceeding. The petitioner had submitted herself to the jurisdiction of the court to assert her legal right to the custody of the child, and she thereby sub-

mitted herself for the decision of all questions legitimately arising in the habeas corpus proceeding.

Counsel for the petitioner rely on the case of *Stallings* v. *Bass*, 204 *Ga.* 3 (48 S. E. 2d 822), to support their contention that the courts of the petitioner's residence have acquired jurisdiction over any new questions concerning the custody, control, and general welfare of the minor child. The *Stallings* case, which was by a divided court, is not in point on its facts with the present case. In that case the father, who was a major in the Marine Corps, stationed in South Carolina, brought a petition against the mother, a resident of Arkansas, in Richmond Superior Court, to modify an award of custody entered in that court, and this court held that the courts of this State did not have jurisdiction of the case. In the present case the respondent was a resident of Fulton County, and he was detaining the child in Fulton County, which clearly gave the courts of Fulton County jurisdiction of the habeas corpus proceeding. Should this court consider the rulings in the *Stallings* case sound, and applicable in the present case, it still could not affirm the judgment of the trial court in the present case, since in the *Stallings* case it was held that the court was totally without jurisdiction. In the present case the trial court retained jurisdiction for the limited purpose of granting the prayer of the petitioner.

The present case is controlled in principle by the recent case of *Stout* v. *Pate*, 208 *Ga.* 768 (69 S. E. 2d 576). The trial court erred in striking that part of the response setting up matters transpiring since the award of custody, affecting the interest and welfare of the minor child, and in entering a judgment on the pleadings directing the respondent to deliver the child to the petitioner.

*Judgment reversed. All the Justices concur.*