## 21693. BELDEN v. STRICKLAND.

*Harrison, Henry & Gowen, Robert W. Harrison, Jr., Q. Robert Henry, Gary E. Gowen,* for plaintiff in error.

*A. A. Nathan, Jack T. Griffith,* contra.

ALMAND, Justice. This is a habeas corpus case in Camden Superior Court involving the custody of two minor children of divorced parents wherein the petition of the mother against the father seeking to obtain their custody was denied.

The record discloses that in a decree of June 1958, the custody of the children was awarded to the father by the Camden Superior Court. The father and the two children in July 1960, were residents of Alachua County, Florida, when the mother instituted habeas corpus proceedings in the circuit court of that county against the father seeking custody of the children on the grounds of a change in conditions affecting the welfare of the children subsequent to the Georgia decree. The father, in response to the writ, appeared through counsel, moved to quash the writ, and in his response pled the Georgia decree. On February 2, 1962, the Florida court, after finding that it was for the best interest and welfare of the chidren that they be in the custody of their mother, awarded the children to her. In the habeas corpus action in Camden Superior Court the mother relied upon the Florida decree as a basis for her claim. The father in response relied on (a) the Georgia decree awarding him the children, (b) that he and the children in February 1962, when the Florida decree was rendered, were not residing in Florida, and (c) that there had been no change in condi-

tions affecting the welfare of the children since the award to him in January 1958.

After a hearing the court denied the mother's petition. The bill of exceptions as certified by the trial judge recites that, "There is no necessity for a brief of the evidence for an understanding of the assignment of error contained in the bill since there was no evidence presented by the respondent pertaining to the validity of the judgment relied on by the petitioner nor was there any evidence before the court of any change of condition or other circumstance affecting the welfare of the children or the rights of the parties occurring after the rendition of the final judgment of the Florida court."

As we view the record the sole question is whether the court erred in failing to give full credit and force to the Florida decree awarding the children to the mother as required by Article 4, Section I of the Constitution of the United States (*Code* § 1-401). The authenticated and exemplified copy of the proceedings discloses that the Florida court had jurisdiction of the action, the parties, and the children. The fact that the father and children were not actually in Florida on the day the final decree was rendered would not affect the validity of the Florida decree. This court in *Peeples v. Newman,* 209 Ga. 53 (1) (70 SE2d 749) held, "The judgment of a court of competent jurisdiction of a sister state, awarding the custody of a minor child, which is regular on its face and unimpeached for fraud, is entitled to full faith and credit in proceedings for the custody of the child in this State. Such a judgment may be modified only when it appears that there has been such a change in conditions since the original decree as would authorize the modification of a similar judgment rendered by the courts of this State."

In the absence of any showing that since the rendition of the Florida decree awarding the children to the mother there had been such a change of conditions affecting the welfare of the children as would authorize the modification of a similar judgment rendered by the courts of this State, the trial court in this habeas corpus proceeding was obligated to give full faith and credit to the Florida decree. Its failure to do so requires a reversal of the court's order denying the mother's petition.

*Judgment reversed. All the Justices concur.*