### 27367. SMITH v. SMITH.

UNDERCOFLER, Justice. Mattie Mae Allen Smith, a resident of Wilkinson County, filed an application in the nature of a habeas corpus in Washington County against her former husband, Billy Scott Smith, seeking custody of their minor child. The child had been awarded to the applicant by a decree of the Wilkinson Superior Court in a divorce action. The defendant father was granted visitation rights. The defendant filed a cross complaint contending that a material change of condition affecting the welfare of the child had occurred since the original award to the mother. The trial judge refused to consider the cross complaint. He held that jurisdiction of this issue was in the county of the mother's residence. The trial judge awarded custody of the child to the applicant. The appeal is from this judgment. *Held:*

In *Dwyer v. Krelstein*, 211 Ga. 296 (85 SE2d 432) it was held: "Where a petition for habeas corpus is brought by a nonresident mother to obtain custody of her minor child in a court having jurisdiction of the father, who is alleged to be illegally restraining the child, and the father

files a response asserting material changes in circumstances affecting the welfare of the child since the rendition of the decree awarding custody to the mother, it is erroneous for the court to strike these allegations of the response and to award the custody of the child to the mother on the pleadings then in the case."

Under this holding, when the mother filed a habeas corpus petition in the county of the father's residence, she submitted herself to its jurisdiction and that court could decide the issue raised by the cross complaint seeking a change of custody of the minor child because of a material change of conditions.

*Judgment reversed. All the Justices concur, except Hawes, Gunter and Jordan, JJ., who dissent.*

SUBMITTED SEPTEMBER 11, 1972—DECIDED OCTOBER 5, 1972.

*Eva L. Sloan,* for appellant.

*Boone & Scott, Walter Scott,* for appellee.

GUNTER, Justice, dissenting. A majority of the court has held in this case that when a mother brings an application for a writ of habeas corpus in the county where the alleged illegal detention of her child is taking place, the mother submits herself to the jurisdiction of the court in the county where the illegal detention exists for the purpose of deciding a counterclaim brought by the father, such counterclaim contending that he is entitled to "custody" of the child because of a change of conditions since the legal award of custody to the mother. I disagree with the majority and respectfully dissent. I think the trial judge was correct in ordering the child returned to the mother and declining to rule on the issue of "custody."

Our habeas corpus statute provides in part as follows: "(b) Any person alleging that another, in whom for any cause he is interested, is kept illegally from the custody of the applicant may sue out a writ of habeas corpus to inquire into the legality of such restraint." *Code Ann.* § 50-101 (b).

The venue in a habeas corpus action is in "the superior court of the circuit where the illegal detention exists." *Code Ann.* § 50-103.

A habeas corpus action is not a normal action between plaintiffs and defendants as contemplated by our Civil Practice Act. It consists of an application made to a court; the court in turn issues a writ directed to a respondent requiring the respondent to "produce the body" of the person alleged to be illegally detained by the respondent; upon production of the person before the court as required by the writ, the court then conducts a hearing to determine whether the detention by the respondent is legal or illegal; and upon conclusion of the hearing the court then orders by its judgment that the person detained be delivered into the possession of either the applicant or the respondent. In my opinion habeas corpus law has never contemplated that there be any kind of pleadings other than an application for the writ and the issuance of the writ by the court. There is no place in habeas corpus law for a counterclaim, and in my opinion an applicant for a writ of habeas corpus does not subject himself to the jurisdiction of the habeas corpus court for the purpose of a counterclaim that seeks to readjudicate "permanent custody" of a child previously awarded to the applicant by the judgment of another court.

In the case at bar the mother had been awarded custody of the child by a judgment of the divorce court in Wilkinson County. The divorce decree awarded visitation privileges to the father who resided in Washington County. The father refused to return the child to the mother, and it was necessary for the mother to bring an action to terminate the illegal detention of the child. Attached to her application was a copy of the decree of the divorce court awarding legal custody of the child to her. The father admitted the legality of the divorce court judgment. His attempted counterclaim, which I submit could not be considered, sought to change the divorce judgment on the ground of a change of condition since the rendition of the divorce judgment. The trial judge properly respected the divorce court judgment,

ruled that the father was illegally detaining the child, and ordered that the child be delivered to the possession of the mother.

In order for the father to secure a change of "custody" of the child on the ground of a change of condition since the rendition of the divorce judgment, he must bring an action where the child is detained by the mother and allege that such detention is illegal because of the change of condition since the rendition of the divorce judgment.

In a habeas corpus action the applicant applies to the court for the issuance of a writ, the court then issues the writ to have the person detained presented before the court, and then the court determines whether the detention is lawful or unlawful. In such a proceeding there is no place for a counterclaim seeking to have "legal custody" readjudicated.

The majority decision in this case established a rule which is, in my opinion, not only unlawful but also grossly inequitable.

I respectfully dissent.