## 27585. DAVIS v. DAVIS.

NICHOLS, Justice. On May 4, 1972, a divorce decree was rendered wherein an agreement as to child custody, child support, etc., was approved by the trial court. The divorce decree expressly required compliance with the agreement made a part thereof. On July 17, 1972, the present contempt action was filed as a result of the father refusing to return the child of such marriage to the mother after a visitation period. The father admitted the failure to return the child to the mother and pleaded grounds of justification including illicit relationships by the mother with married men after the divorce was granted.

By way of a counterclaim the child's father sought custody of the child. The trial court overruled the wife's motion to dismiss the counterclaim, refused to hold the defendant in contempt of court and awarded custody of the child to the paternal grandparents with limited visitation rights to each parent. *Held:*

1. In the absence of a brief of evidence it is impossible to determine if the trial court erred in refusing to hold the defendant in contempt of court for his refusal to return the child to the plaintiff at the conclusion of the visitation period and the judgment of the trial court as to this issue must be affirmed.
2. The trial court erred in overruling the motion to dismiss the counterclaim and entering a final order changing the custody of the child.

A motion filed seeking to have a party to a divorce proceeding held in contempt of court for failure to comply with a decree of court is not tantamount to the filing of a complaint wherein the movant submits to the venue of the court. Thus, the provisions of the Civil Practice Act (Ga. L. 1966, p. 609; Code Ann. Title 81A), authorizing counterclaims and cross complaints where not permitted prior to its enactment does not effect a contempt motion, and where, as in the present case, the movant is shown not to be a resident of the county wherein the contempt citation is filed, the court is without jurisdiction to consider a counterclaim or cross complaint to modify a prior judgment granting custody of a child.

Such a case is distinguishable from a complaint in the nature of a habeas corpus seeking custody of a child.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Gunter, J. who concurs specially.*

SUBMITTED DECEMBER 11, 1972 — DECIDED JANUARY 4, 1973.

*Paul J. Jones, Jr., Eric L. Jones,* for appellant.
*Joe W. Rowland,* for appellee.