### 27559.   GLOVER v. SINK.

PER CURIAM. The appeal here is from a judgment of the superior court entered in a habeas corpus proceeding

awarding custody of the minor child of the appellant-mother to the plaintiff, the paternal grandmother of the child. The plaintiff's complaint was based on a previous award of custody entered by the Circuit Court of Montgomery County, Maryland, in a divorce proceeding. That decree awarded custody of the child "temporarily . . . for a period of one year from the date of this decree and thereafter until further order of this court" to the parents of the plaintiff therein, to wit, Arthur K. Sink and Linda O. Sink, together with reasonable rights of visitation to the mother. It appears that the mother had custody of the child in Glynn County, Georgia, pursuant to the exercise of her rights of visitation and refused to return the same to the plaintiff, who then brought this proceeding to regain custody. The appellant defended on the ground that since the entry of the decree there had been such a change in conditions that the welfare of the child would best be served by awarding the custody of the child to her. The trial court ruled that the Maryland decree was a mere temporary order not subject to modification on account of change in conditions and refused to hear evidence as to any change in conditions. *Held:*

Pretermitting any question as to whether Arthur K. Sink is a necessary party plaintiff to this proceeding, no evidence as to the Maryland law was introduced and the presumption is, therefore, that it is the same as Georgia law. *Ferster v. Ferster,* 220 Ga. 319, 322 (138 SE2d 674). In this state, an attempt by the trial court to retain jurisdiction over the question of custody of a child, is ineffectual to prevent a decree awarding its custody from becoming final. Such an order is a final adjudication as to the custody of the child based on the facts as they existed at the time it was entered. *Barrentine v. Barrentine,* 210 Ga. 749 (82 SE2d 857). While such a decree of a court of a sister state must be

given effect by the courts of this state, under the mandate of the Full Faith and Credit Clause of the U. S. Constitution, it is, nevertheless, the duty of the trial court, when the issues are presented to it, to determine whether there has been a change in conditions subsequent to the entry of the previous decree which adversely affects the welfare of the child, and to determine, based on the present conditions as shown by the evidence, whether the best interests of the child dictate a change in custody. *Milner v. Gatlin,* 139 Ga. 109 (76 SE 860); *Woodland v. Woodland,* 153 Ga. 202 (1) (111 SE 673); *Peeples v. Newman,* 209 Ga. 53 (1) (70 SE2d 749); *Ottinger v. Pelt,* 217 Ga. 758 (2) (125 SE2d 52); *Belden v. Strickland,* 218 Ga. 105 (126 SE2d 670); *Bowen v. Bowen,* 223 Ga. 800 (1) (158 SE2d 233). It follows that the trial court erred in refusing to hear evidence as to a change in condition and in refusing to enter an award of custody based upon a consideration of such evidence.

*Judgment reversed. All the Justices concur, except Hawes, Gunter and Jordan, JJ., who dissent.*

ARGUED NOVEMBER 14, 1972—DECIDED JANUARY 22, 1973.

*Thomas J. Lee,* for appellant.

GUNTER, Justice, dissenting. This habeas corpus case involves a contest for possession and custody of a minor child between the appellant-mother and the appellee-paternal grandmother of the child.

Custody of the child had previously been awarded to the appellee by the decree of a Maryland court. That decree provided for visitation rights in the appellant, and after a visit by the child with the appellant in Glynn County, Georgia, the appellant refused to return possession of the child to the appellee. The appellee brought this habeas corpus action below to recover possession of the child and relied on a certified copy of the Maryland court's decree

awarding custody to her. The appellant contended that there had been a change of conditions since the rendition of the Maryland court's decree, that the habeas corpus court should hear evidence on this issue, and that the habeas corpus court should then award custody of the child to the appellant.

After introduction of the foreign court decree in evidence, the trial judge declined to hear evidence on the issue of a change in conditions since the rendition of that decree, and he entered a judgment awarding custody of the child to the appellee. The appellant has come to this court, contending that the habeas corpus court had jurisdiction to determine the issue of "change in condition," and that it was error for the court not to hear evidence and rule on that issue.

A majority of this court has reversed that judgment. I disagree with the majority, and I respectfully dissent.

I concede that the habeas corpus court has jurisdiction to determine the issue of illegal detention of the child, because the child is alleged to be illegally detained in Glynn County, Georgia. However, after the evidence showed that the child was detained in Glynn County, Georgia, in violation of a court decree of another state, the habeas corpus court at that point was required to accord full faith and credit to that decree.

Our law confers jurisdiction in habeas corpus cases in the superior court circuit where the illegal detention exists. Code § 50-103. But to my mind such jurisdiction is limited. When a respondent in a habeas corpus case admits that the child has been purloined from the custody of the applicant or that the child is withheld from the custody of the applicant in violation of a decree of another court awarding custody to the applicant, then the habeas corpus court does not have jurisdiction to determine the issue of "change in condition" which must have come about since the rendition of the foreign decree. In short, a respondent in a habeas corpus action should

not be able to steal a child or withhold a child in violation of a valid decree of a court and thereby confer jurisdiction in the forum of the respondent's choice in order to litigate the "change in condition" issue. See my dissenting opinion in *Smith v. Smith,* 229 Ga. 580 (193 SE2d 599).

The rule expounded and pursued by the majority permits a respondent in a habeas corpus action by his illegal act, or his act in violation of a decree of another court, to confer jurisdiction in the habeas corpus court to the detriment of the applicant who is legally entitled to the possession and custody of the child. If custody is to be litigated again on the change of condition issue, then it must be relitigated in the forum of the applicant entitled by a former court decree to custody, if that forum is different from the forum where the illegal detention has taken place.

I am of the opinion that our Code § 50-121 is applicable only where there is no existing court decree awarding custody of the child and where it is shown that the presence of the child within the jurisdiction of the habeas corpus court was not caused by stealing the child or retaining the child within that jurisdiction in violation of another court decree.

I am of the opinion in this case that the Maryland decree was entitled to full faith and credit in the Georgia court and that the judgment below was correct.

I respectfully dissent.

I am authorized to state that Justice Jordan joins in this dissent.