27906. PADGETT v. PENLAND.
27909. PADGETT v. PADGETT.

JORDAN, Justice. The present appeals are sequels to *Padgett v. Padgett,* 229 Ga. 623 (193 SE2d 815). In that appeal this court affirmed an order of DeKalb Superior Court of May 19, 1972, adjudging Charlene Cooper Penland (formerly Charlene Penland Padgett) in wilful contempt of that court. Under the terms of a divorce decree of that court in 1971 her former husband, Jack Garnett Padgett, was awarded legal custody of their minor child. In April, 1972, the child was residing with his father in New York. The mother, while exercising visitation rights, received permission from the father to bring the child to Georgia, and after bringing the child to Lincoln County refused to return him to his father.

Six days before being adjudged in contempt in DeKalb Superior Court the mother instituted an action in Lincoln Superior Court seeking to obtain legal custody of the child, alleging a change in circumstances, in substance to the effect that the child had not been receiving proper care while in the custody of his father, and that in the best interest of the child she should have legal custody. On the same day, May 13, 1972, she obtained an ex parte order in Lincoln Superior Court awarding her temporary custody pending a hearing.

On July 20, 1972, the father moved to dismiss this action, pleading improper venue, improper or insufficient process, and no jurisdiction over the subject mattter or person. His allegations show that he had not resided in Georgia for more than one and one-half years. He also answered the petition, subject to his motion to dismiss.

On August 1, 1972, the mother obtained personal service in Lincoln County on the father. His motion to dismiss was thereafter overruled, and after a hearing, at which both parties testified, and other evidence was adduced, the trial judge, by an order dated January 29, 1973, awarded legal custody of the child to the mother. The father appeals from this judgment in No. 27906, asserting improper venue, no jurisdiction over the subject matter or person, insufficient evidence to disclose a change in circumstances, and an abuse of discretion.

The mother, having obtained on October 25, 1972, a 90-day stay from this court of the remittitur to DeKalb Superior Court in respect to the judgment of this court in *Padgett v. Padgett,* 229 Ga. 623, supra, decided October 10, 1972, filed a motion on February 8, 1973, in DeKalb Superior Court to stay and vacate the order on the complaint for contempt, relying in substance on the result obtained in the proceedings in Lincoln Superior Court. On March 7, 1973, a judge of that court denied the motion and directed the Sheriff of DeKalb County to provide escort and transportation to the father to any place in Georgia to get the child, or, upon his failure to incarcerate the mother in the common jail of DeKalb County until she complied with the order of the court to deliver the child to the father. On March 9, 1973, he amended the order to provide that the sheriff find and incarcerate the mother for 20 days or until she complied with the order of the court. The mother appeals in No. 27909 from the order of March

7, 1973, asserting error on the refusal of the judge to consider the judgment of the Superior Court of Lincoln County or the welfare of the minor child. *Held:*

1. A nonresident is suable in any county in this state where he may be found, and the nonresident father having been found and personally served with process in the action pending in Lincoln County, where the child was residing with the mother, the objection to improper venue in Appeal No. 27906 is without merit. Code § 3-206; *Miller v. Miller,* 216 Ga. 535 (118 SE2d 85).

2. The objections in Appeal No. 27906 to jurisdiction over the subject matter and person are likewise without merit. That the superior courts of this state have jurisdiction over the subject matter of child custody proceedings based on a change in condition is not open to serious question. The father, by his presence within the state, although a nonresident, was subject to the jurisdiction of this state and its laws. Code § 15-202; *Miller v. Miller,* supra.

3. Venue and jurisdiction having been established in Lincoln Superior Court, the provisions of Code Ann. § 74-107 in respect to a child under age 14 were controlling, in vesting in the trial judge the duty of exercising a sound judicial discretion, taking into consideration all of the circumstances relative to any change in condition, and to determine what is for the best interest of the child, and what will best promote his welfare and happiness.

4. The evidence adduced in Lincoln Superior Court authorized the hearing judge to determine, as he did, a material change in condition substantially affecting the welfare of the child subsequent to the award to the father under the divorce decree, there being some evidence, although disputed, that the father had neglected the child, particularly in respect to encouraging acceptable hygienic standards and in

providing the child with an acceptable environment. The order of the trial judge is explicit in disclosing that after considering this evidence, and after finding the existence of changed conditions, he exercised a sound judicial discretion in awarding the child to the mother.

5. No error appears in Appeal No. 27906 for any reason argued and insisted upon.

6. That the trial judge involved in Appeal No. 27906 awarded custody of the child to the mother, and that this court is now affirming that order, however, affords no legal basis for reversing the order of the judge in DeKalb Superior Court of March 7, 1973 (which on appeal we view as including the amendment of March 9, 1973) denying her motion to stay and vacate the order on contempt as previously affirmed by this court. So much of the amended order as provides for surrender of the child is now unenforceable, however, in that she is now entitled to custody of the child, subject to visitation rights by the father. But this in no way operates to relieve her from punishment for the contempt of DeKalb Superior Court for her actions for the period involved in the contempt proceedings. Accordingly, we must affirm so much of the order of DeKalb Superior Court of March 9, 1973, as provides for 20 days incarceration as punishment for contempt of that court.

*Judgment affirmed in Case No. 27906; judgment affirmed in part in Case No. 27909, otherwise reversed. All the Justices concur, except Gunter, J., who dissents in Case No. 27906.*

CASE No. 27906: ARGUED MAY 14, 1973 — DECIDED JUNE 21, 1973 — REHEARING DENIED JULY 12, 1973.

*Scheer & Elsner, Robert A. Elsner,* for appellant.
*Congdon, Williams & Daniel, Robert C. Daniel, Jr.,* for appellee.

CASE No. 27909: ARGUED MAY 14, 1973 — DECIDED
JUNE 21, 1973.

*Congdon, Williams & Daniel, Robert C. Daniel, Jr.,* for appellant.

*Scheer & Elsner, Robert A. Elsner,* for appellee.

GUNTER, Justice, dissenting in Case No. 27906. I have consistently taken the position that a party who steals a child or withholds possession of a child in violation of a decree of another court cannot, by either of these acts, establish jurisdiction in a court of his choice for a change of custody proceeding based on changed conditions since the rendition of the earlier custody decree. See my dissenting opinions in *Glover v. Sink* , 230 Ga. 81 (195 SE2d 443) (1973), and *Smith v. Smith,* 229 Ga. 580 (193 SE2d 599) (1972).

The allegations of the complaint in the instant case (No. 27906) show clearly that the mother-appellee retained possession of the child in Lincoln County, Georgia, in violation of an earlier custody decree; and earlier litigation in this court showed that she had been held in wilful contempt of that court for violating that court's custody decree. See *Padgett v. Padgett* , 229 Ga. 623 (193 SE2d 815) (1972). This is also apparent from the present appeal in No. 27909.

It is therefore my position that the Superior Court of Lincoln County, Georgia, did not have jurisdiction of the subject matter in No. 27906; the appellant's motion to dismiss that case should have been granted; and the judgment in that case should now be reversed by this court.

Under the law of this state, so far as I can determine, there are only two methods of bringing an action to obtain custody of a child or to obtain a change of custody of a child. One method is in a divorce or separate

maintenance action pursuant to Code §§ 30-127, 30-206, and 30-213. The present case clearly did not use this method. The other method is by the writ of habeas corpus pursuant to Code § 74-106. This latter statute provides that "in cases of separation of parents, . . . the court, *upon writ of habeas corpus,* may exercise a discretion as to the possession of the child, looking solely to his interest and welfare." The complaint in this case filed in Lincoln Superior Court was certainly not even in the nature of habeas corpus, because the complainant herself had possession of the child. One cannot bring an action in the nature of habeas corpus against himself.

As I understand the law of this state a divorce court has jurisdiction and discretion to grant custody and change custody pending divorce, and a habeas corpus court has jurisdiction and discretion to change custody of a child looking solely to the interest and welfare of the child pursuant to Code § 74-106, Code Ann. § 74-107, and Code § 50-121. Other than in these two specific instances a judge of superior court in this state does not have power and discretion to award or change custody.

The complaint filed in Lincoln Superior Court against a nonresident of the State of Georgia showed on its face that the complainant had possession of the child in Lincoln County, Georgia, in violation of a custody decree of another court; the trial court therefore did not have jurisdiction to determine custody based on a change of condition; the filed complaint was not a divorce or separate maintenance action or a habeas corpus action; the trial judge therefore did not have jurisdiction or discretion to grant a change of custody; and the filed complaint was, to my mind, merely an abortive effort on the part of the complainant to choose a friendly forum in which to relitigate custody that had already been determined by court decree and by a recent contempt citation and judgment in another forum.

I would reverse the judgment in Case No. 27906.
I respectfully dissent.