## 28091. WHITE v. WHITE.

UNDERCOFLER, Justice. Jack J. White, a resident of Tennessee, filed a complaint in the nature of a habeas corpus against his former wife Nanie White seeking the enforcement of visitation rights granted by a New Jersey divorce decree. He alleges that the defendant refused to allow him the right to exercise the visitation rights granted by the decree. The defendant filed an answer and a cross claim in which she sought a dismissal of the habeas corpus petition, a change of visitation privileges based on a material change of circumstances affecting the welfare of the children, and attorney fees.

After a hearing the trial court changed the visitation privileges of the complainant and awarded attorney fees to the attorney for the defendant. The plaintiff father appeals from this judgment. *Held:*

1. In *Dwyer v. Krelstein,* 211 Ga. 296 (85 SE2d 432) it was held: "Where a petition for habeas corpus is brought by a nonresident mother to obtain custody of her minor child in a court having jurisdiction of the father, who is alleged to be illegally restraining the child, and the father files a response asserting material changes in circumstances affecting the welfare of the child since the rendition of the decree awarding custody to the mother, it is erroneous for the court to strike these allegations of the response and to award the custody of the child to the mother on the pleadings then in the case." This ruling was followed in *Smith v. Smith,* 229 Ga. 580 (193 SE2d 599).

The appellant's contention that the trial court arbitrarily converted his complaint in the nature of a habeas corpus into a petition to modify a New Jersey divorce decree is, therefore,

without merit. The trial court also had jurisdiction to decide the issue of material changes in circumstances affecting the welfare of the children raised by the counterclaim. However, there is no transcript of evidence in this case and therefore this court cannot review the evidence upon which the trial court based its order. The case of *Slowik v. Knorr,* 222 Ga. 669 (151 SE2d 726) relied on by the appellant is not controlling here. In that case there was no personal service on the nonresident defendant. In this case the nonresident instituted the proceedings and invoked the jurisdiction of the courts of this state seeking the enforcement of his visitation rights.

2. It is error to allow a wife attorney fees in defending against her former husband's action seeking enforcement of his visitation rights. *Gallant v. Gallant,* 223 Ga. 397 (156 SE2d 61).

3. The other questions raised by this appeal have not been argued in this court and are considered as abandoned.

*Judgment affirmed in part; reversed in part. All the justices concur, except Gunter, and Ingram, JJ., who dissent.*

SUBMITTED JULY 13, 1973 — DECIDED SEPTEMBER 10, 1973.

*Hendon, Egerton & Harrison, M. W. Hendon,* for appellant.
*Rees R. Smith,* for appellee.

GUNTER, Justice, dissenting. This case began as an application for a writ of habeas corpus to acquire possession of three minor children. The respondent, the mother of the three minor children, filed a counterclaim to the application for the writ in which she sought an adjudication and judgment in her favor for past alimony payments and child support payments that were due, and she also sought to change the provisions of a New Jersey divorce decree which had fixed custody in the respondant and visitation rights with the three minor children in the applicant.

I have consistently taken the position that an application for a writ of habeas corpus is not a vehicle in this state for the adjudication of any claims other than the possession of the person or persons alleged by the applicant to be illegally withheld from his possession.

An application for the "great writ" is filed with the court. The court then issues the writ requiring the respondent to produce the person or persons alleged to be illegally withheld from the possession of the applicant. The respondent must comply with the writ by "producing the bodies" before the court at an appointed time, and the sole issue for determination by the court at the

hearing is whether possession of the person or persons presented should be awarded to the applicant or retained in the respondent.

Code § 50-101 (b) provides that any person alleging that another, in whom for any cause he is interested, is kept illegally from the custody of the applicant may sue out a writ of habeas corpus to inquire into the legality of such restraint.

Code § 50-104 provides that the hearing pursuant to the issuance of the writ is "for the purpose of an examination into the cause of the detention."

It is my position that following the application, the issuance of the writ, and the hearing, the only judgment that can be rendered by the habeas corpus court is one placing possession of the person or persons involved in either the applicant or the respondent, or in some situations, as provided for in Code § 50-121, in a third party.

The judgment in the case at bar adjudicated past due alimony and child support payments, it changed a New Jersey court decree that had fixed custody and visitation rights, it established certain requirements of behavior for the applicant and the respondent, and it awarded attorney fees to the attorney for the respondent. As I view the purpose of the "great writ," the habeas corpus court did not have jurisdiction to adjudicate any of these matters.

As I read this record, the only judgment that the habeas corpus court could have rendered in this case was one remanding the three children to the custody of the respondent.

I would reverse the judgment below.

I respectfully dissent.

INGRAM, Justice, dissenting. In my opinion, Georgia Law does not permit the conversion of habeas corpus proceedings, by the filing of a counterclaim, into the kind of proceedings which took place in this case. I, therefore, join in the dissenting opinion of Justice Gunter.