## 28264. MOSS v. BUHRMAN.

JORDAN, Justice. Appellee Elizabeth Ann Buhrman, formerly Elizabeth Ann Moss, was granted a divorce from appellant, John Jerdone Moss, by a Michigan court in 1968. In that proceeding the Michigan court granted appellee custody of the three children born of that marriage, and gave appellant certain specified rights of visitation. Subsequent to the divorce appellee established domicile for herself and her children in Illinois. Appellant moved to Georgia and established his residence in Cobb County. During the summer of 1972 the three children came to Georgia to visit their father, in accordance with the rights granted him under the 1968 decree. At the end of the visit two of the children were returned to their mother in Illinois but the third child remained with the father here in Georgia.

Appellee brought a petition in the Superior Court of Cobb County on May 1, 1973, for a writ of habeas corpus in which she alleged that the appellant was illegally detaining the minor child, and praying that appellant be ordered to return said minor to appellee.

Appellant filed an answer and a cross claim for issuance of the writ in order to compel the production of the two children in Illinois. Appellant claimed that there had been a significant change in circumstances since the entering of the 1968 decree, and that these changes affected the welfare of all three children, and that it was in the best interest of the children that he be awarded custody of all three.

The appellee made three motions in the lower court, a motion to vacate a prior court order compelling production of the two children in Illinois, a motion to dismiss the cross claim for lack of jurisdiction over the subject matter, and a motion to dismiss the cross claim for failure to state a claim upon which relief could be granted. On June 4, 1973, the trial judge entered an order granting all three of appellee's motions insofar as they pertain to the two minor children in Illinois.

On June 12, 1973, the trial judge issued a certificate of immediate review and a notice of appeal was timely filed. *Held:*

1. We affirm. As stated earlier the two children that are the subject of appellant's cross petition for a writ of habeas corpus are in Illinois. Appellant's only theory upon which he bases jurisdiction here is the presence of the children's mother before the Cobb Superior Court. In this case there is neither domicile nor physical presence, and we find no cases to support appellant's contention that the presence of the mother alone is sufficient to confer jurisdiction on the Georgia court. In *Locke v. Locke,* 221 Ga. 603 (146 SE2d 273), the controlling issue was whether a Georgia trial court had jurisdiction over a proceeding seeking to change the custody of a minor child, where the mother after obtaining a decree from the Georgia court in which she was awarded custody, without any inhibition against removal, did in fact move to Tennessee. We decided that under these facts alone a petition filed in a Georgia court, seeking to change that custody could not be entertained for lack of jurisdiction. In *Stallings v. Bass,* 204 Ga. 3 (48 SE2d 822), after a divorce in Georgia the mother and child awarded to her moved to Arkansas. The father brought a petition for modification of the decree predicated upon alleged changes in condition, asking that he be awarded custody

of the child. Both parents submitted to the jurisdiction of the Georgia Court for the purpose of contesting the issue of modification. In holding that the Georgia court had no jurisdiction over the "res" in that case and therefore no ground upon which jurisdiction could be based, we stated that after a child and "its parent by becoming domiciled in another State, had become subject to the jurisdiction, rules, and the law of the foreign State governing such matters, the parties themselves could not by consent confer such jurisdiction upon our courts." See also, *Milner v. Gatlin*, 139 Ga. 109 (2) (76 SE 860).

We therefore hold that a petition for modification of a custody order for change in condition cannot and should not be entertained where the res (the children involved) are neither domiciled in this state, nor present within the confines of this state, and the order of the trial court so holding was not error.

2. Having found that there was no jurisdiction for the trial court to hear matters concerning the two children in Illinois it is unnecessary for us to reach the other enumerations.

*Judgment affirmed. All the Justices concur. Gunter, J., concurs specially. Ingram, J., disqualified.*

ARGUED SEPTEMBER 14, 1973 — DECIDED OCTOBER 25, 1973.

*Custer, Smith & Manning, W. Sammy Garner, III,* for appellant.

*R. Kelly Raulerson, Flournoy & Still, Charles A. Evans,* for appellee.

GUNTER, Justice, concurring specially. I concur in the judgment of affirmance. However, on the basis of my dissenting opinions in *Glover v. Sink,* 230 Ga. 81 (195 SE2d 443), *Smith v. Smith,* 229 Ga. 580 (193 SE2d 599), and *Padgett v. Penland,* 230 Ga. 824 (199 SE2d 210), I would hold that the Georgia habeas corpus court is totally without jurisdiction to entertain the appellant's cross claim with respect to all three children.