## 28561. VINES v. HIBDON.

GUNTER, Justice.

This appeal results from a judgment in an equity-child custody case that was adverse to the father-plaintiff-appellant. A previous divorce decree had awarded total custody of children to the father. The father resided with the children in Carroll County. The mother-appellee moved to Haralson County and established her residence approximately ten miles from that of the father and children. The father brought an action in equity in Haralson Superior Court seeking to enjoin the mother from harassing him and the children and from interfering with his custody of the children. The mother filed a counterclaim asserting changed conditions since the rendition of the custody judgment, and her counterclaim sought custody of the children or, in the alternative, reasonable visitation rights with her children.

The trial judge conducted a hearing and entered a judgment that: granted the injunctive relief sought by the father, denied the mother's prayer for change of custody, but granted the mother's prayer for reasonable visitation rights.

The father has appealed, and he makes two primary contentions here: (1) the court was without jurisdiction to entertain the mother's counterclaim, and it should have been dismissed, and (2) the former judgment awarding custody to the father was res judicata, and the award of reasonable visitation rights to the mother was erroneous.

We affirm the trial court's judgment.

I.

In *Smith v. Smith,* 229 Ga. 580 (193 SE2d 599) (1972), this court held: "When the mother filed a habeas corpus

petition in the county of the father's residence, she submitted herself to its jurisdiction and that court could decide the issue raised by the cross complaint seeking a change of custody of the minor child because of a material change of conditions."

In *Glover v. Sink*, 230 Ga. 81 (195 SE2d 443) (1973), this court held that a nonresident applicant in a habeas corpus case submitted himself to the jurisdiction of the habeas corpus court for redetermination of custody based on changed conditions since the rendition of an earlier custody judgment.

In *Padgett v. Penland*, 230 Ga. 824 (199 SE2d 210) (1973), this court held that a mother having possession of a child in this state could bring an action seeking custody against a nonresident father if the nonresident father could be personally served in this state.

While the writer of this opinion dissented in those three cases, they established the rule that a counterclaim or an original action can be brought to redetermine custody of children based on changed conditions that have occurred since the rendition of a former custody judgment. Therefore, when the father in the case at bar filed an equitable action in Haralson Superior Court against the mother, that court could properly entertain and adjudicate the issues raised in the mother's counterclaim.

II.

A part of the trial court's judgment in the case at bar was: "It is also apparent to the court and the court finds as a matter of fact that there has been a substantial change of condition materially affecting the welfare of the minor children since the original decree of divorce in this case and the order entered in Carroll Superior Court on July 25, 1972, denying a modification of the original divorce decree." Having made such a finding, the trial judge was authorized to grant visitation rights with the minor children to the mother based on changed conditions. After a factual finding of changed conditions since the rendition of the earlier custody judgment, the rule of res judicata is not applicable.

*Judgment affirmed. All the Justices concur.*

Argued January 15, 1974 — Decided July 16, 1974.

*Reuben M. Word,* for appellant.
*Murphy & Witcher, Thomas B. Murphy,* for appellee.