29034, 29035. FERNANDEZ v. FERNANDEZ; and vice versa.

INGRAM, Justice.

The appeal and cross appeal in this case complain of various trial court rulings on custody and contempt questions growing out of post divorce proceedings in Fulton Superior Court.

The parties were divorced by a decree of Fulton Superior Court on October 25, 1973. Two of the minor children, whose custody was awarded to the mother, moved to Florida with the mother after the divorce. The children later requested their father in Atlanta to let them live with him in Fulton County and the father arranged for their return to Georgia. The father subsequently filed in Fulton Superior Court a complaint to modify the final divorce decree, previously entered by that court, in an effort to have the custody of the children awarded to him.

The mother made a special appearance and filed pleadings asserting that she was now a resident of Florida, and, therefore, Fulton Superior Court did not have jurisdiction over her in the case. The court agreed and entered an order adjudicating it had no jurisdiction but in the order also directed the father to return the children to the mother in Florida. The father then moved to DeKalb County and secured a temporary custody order from the DeKalb Juvenile Court under Code Ann. § 24A-301, claiming the children were now residents of DeKalb County and that the court could award custody to him under Code Ann. § 24A-1101. The mother made no appearance in the DeKalb case. Instead, she filed contempt proceedings in Fulton Superior Court against the father complaining that he was in wilful violation of

the previous Fulton Superior Court order directing him to return the children to Florida and that he also was in violation of the original divorce decree between the parties in Fulton Superior Court by failing to pay certain child support and make payments on an automobile. The father filed a counterclaim in the mother's contempt action in which the father sought to set aside the original divorce decree for fraud. The trial judge dismissed the counterclaim for lack of jurisdiction; held the father was in contempt of the original divorce decree by failing to make the automobile payments; declined to hold the father in contempt for failure to pay the child support; and, also, ruled the father was not in contempt of the order directing him to return the children to Florida because that portion of the earlier order was void and unenforceable. Each party enumerates as error the trial court's adverse rulings and this is the posture of the case as we receive it on appeal. *Held:*

1. The trial court's determination that the father was in contempt of the divorce decree for wilfully failing to make the automobile payments but not for failing to pay certain child support will not be disturbed as no abuse of discretion has been shown in this case. *Martin v. Martin,* 209 Ga. 850, 854 (76 SE2d 390).

2. The dismissal of the father's counterclaim, in the contempt action brought by the mother, in which the father sought to set aside the original divorce decree between the parties was not error. Although counsel makes a good argument to the contrary, we believe the issue is controlled in principle by *Davis v. Davis,* 230 Ga. 33, 34 (195 SE2d 440): "A motion filed seeking to have a party to a divorce proceeding held in contempt of court for failure to comply with a decree of court is not tantamount to the filing of a complaint wherein the movant submits to the venue of the court. Thus, the provisions of the Civil Practice Act (Ga. L. 1966, p. 609; Code Ann. Title 81A), authorizing counterclaims and cross complaints where not permitted prior to its enactment does not affect a contempt motion, and where, as in the present case, the movant is shown not to be a resident of the county wherein the contempt citation is filed, the court is without jurisdiction to consider a

counterclaim or cross complaint to modify a prior judgment granting custody of a child."

3. The trial court correctly determined it had no jurisdiction to modify the original divorce decree to change the custody of the minor children, which the father sought to do, as such an action must be brought in the jurisdiction of the residence of the parent having legal custody, who in legal contemplation has possession of the children. *German v. Johnson,* 231 Ga. 454 (1, 2) (202 SE2d 89). This determination by the trial court was made by sustaining the mother's special plea to the jurisdiction of the court and granting her motion to dismiss for want of jurisdiction. Having properly determined it had no jurisdiction in the case, the trial court also correctly ruled, in the subsequent proceedings, that it could not take any further action in the case by ordering the return of the children to Florida. See *Johnson v. Johnson,* 222 Ga. 433 (150 SE2d 684). Therefore, the father was correctly determined not to be in contempt of this provision of the court's earlier order as it was void and unenforceable.

4. A final resolution of the basic contested issues between these parties must await further litigation unless settled between them and we decline to rule on the issues relating to the validity of the DeKalb Juvenile Court order and custody of the minor children as these issues are not before us in these appeals from Fulton Superior Court. Our review of the rulings complained of leads us to conclude the trial court should be affirmed on the main appeal and the cross appeal.

*Judgments affirmed. All the Justices concur.*

SUBMITTED JULY 19, 1974 — DECIDED SEPTEMBER 4, 1974.

*J. Stephen Clifford, Mildred L. Kingloff,* for appellant.

*Robert S. Windholz, J. M. Salome,* for appellee.