29551. McNEAL v. McNEAL.

PER CURIAM.

The issue here is whether a counterclaim seeking modification of a permanent alimony award can be filed in answer to an application for contempt.

The parties were divorced in Spalding Superior Court on November 16, 1973, and the wife-appellant was awarded the sum of $200 per month alimony. The father-appellee was awarded custody of the children. The wife filed an application for contempt against the husband-appellee in Spalding Superior Court on June 11, 1974, for failure to pay alimony. Appellee answered denying the arrearage and filed a counterclaim seeking modification of the original decree as to alimony payments and visitation rights of the appellant. Appellant filed a motion to strike said counterclaim for

lack of jurisdiction of the subject matter and because of improper venue in that she was a resident of Bibb County, Georgia.

After a hearing, the trial court found the appellee in contempt but denied the motion to dismiss the counterclaim. With a certificate for immediate review, the appellant appeals from that portion of the order which denied her motion to dismiss the counterclaim.

We reverse. The only issue raised by a contempt citation is contempt vel non. The provisions of the Civil Practice Act (Ga. L. 1966, pp. 609, 625; Code Ann. § 81A-113) with respect to counterclaims and cross complaints are not applicable in contempt cases. As we said in *Davis v. Davis,* 230 Ga. 33 (195 SE2d 440), a motion for contempt "is not tantamount to the filing of a complaint" so as to allow a counterclaim for modification of a former custody judgment based on a change of conditions.

The trial court was without jurisdiction to consider the appellee's counterclaim in this contempt proceeding and erred in overruling the appellant's motion to dismiss same. See also *Fernandez v. Fernandez,* 232 Ga. 697 (208 SE2d 498).

*Judgment reversed. All the Justices concur, except Ingram and Hill, JJ., who concur specially, and Jordan and Hall, JJ., who dissent.*

SUBMITTED JANUARY 3, 1975 — DECIDED FEBRUARY 25, 1975.

*Beck, Goddard, Owen & Murray, Howard P. Wallace,* for appellant.
*Larry Evans,* for appellee.

HILL, Justice, concurring specially.

Appellant's application for contempt for nonpayment of alimony was made after final judgment of divorce awarding permanent alimony. Although Code Ann. § 81A-113 regarding counterclaims and cross claims does not expressly say so, it stands to reason that a party may not assert a counterclaim or cross claim after final

judgment has been entered and the prevailing party takes action to enforce that judgment. I do not consider this decision to restrict the liberal construction to be given the Civil Practice Act.

If the rule were otherwise, a husband could decline to pay alimony or child support so as to precipitate an application for contempt upon which a counterclaim for modification could be based. This would encourage nonpayment and deprivation of those entitled by the judgment to receive such payments. Although economy of judicial time would be served by allowing counterclaims to applications for contempt, the parties then being before the court, neither judicial economy nor the Civil Practice Act should be used so as to encourage disregard of court orders.

I concur in the judgment. I am authorized to state that Justice Ingram joins in this special concurrence.

JORDAN, Justice, dissenting.

While I concurred in *Davis v. Davis,* 230 Ga. 33 (195 SE2d 440), it is now my opinion that the holding therein is wrong and that the case should be overruled. No authority was cited for the holding in that case and in my opinion this court construed too narrowly the provisions of the Civil Practice Act respecting counterclaims and cross complaints. The result is an absurdity which prevents a court having jurisdiction of the parties and the subject matter from adjudicating all issues between the parties.

Code Ann. § 81A-113 provides that "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, *if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim* and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." (Emphasis supplied.)

Except for the holding in *Davis,* supra, this court has liberally construed the above provision of the CPA. In *Smith v. Smith,* 229 Ga. 580 (193 SE2d 599) this court held: "When the mother filed a habeas corpus petition in the county of the father's residence, she submitted herself to its jurisdiction and that court could decide the issue

raised by the cross complaint seeking a change of custody of the minor child because of a material change of conditions." The *Smith* case, supra, along with *Glover v. Sink,* 230 Ga. 81 (195 SE2d 443) and *Padgett v. Penland,* 230 Ga. 824 (199 SE2d 210), was cited as authority for the holding in *Vines v. Hibdon,* 232 Ga. 539, 540 (207 SE2d 503) to the effect that the court could properly entertain and adjudicate the issues raised in the mother's counterclaim to the father's equitable petition dealing with custody of the children. We said in *Vines,* supra, that these three cases "established the rule that a counterclaim or an original action can be brought to redetermine custody of children based on changed conditions that have occurred since the rendition of a former custody judgment."

The contempt action in this case contended that the defendant was in arrears in his alimony payments. His counterclaim contended that there had been a substantial change in his financial condition affecting his ability to pay and a material change affecting the visitation rights of the plaintiff. The trial court, relying on *Smith v. Smith,* supra, and the quoted provision of the CPA, held that "the plaintiff submitted herself to the jurisdiction of the court by filing this application for contempt; therefore, the defendant's counterclaim for modification of the divorce decree as to alimony payments and visitation rights is properly before this court."

If this court is to continue its policy of giving a liberal construction to the provisions of the Civil Practice Act, as was intended by the legislature, this judgment of the trial court should be affirmed. Courts should ever strive to seek a position which takes into account in due proportion the wisdom of the past and the needs of the present.

I respectfully dissent. I am authorized to state that Justice Hall joins in this dissent.