## 31709. MATTHEWS v. MATTHEWS.

UNDERCOFLER, Presiding Justice.

This case involves the question whether a suit in the nature of habeas corpus to change a decree of custody may be brought against a custodial parent by a noncustodial parent in the county in which the noncustodial parent resides. Don Louis Matthews and Marietta Fish Matthews, the parents of five minor children, were divorced in Floyd County, Georgia, and the mother was given custody. They then moved to Florida. In July of 1976, the father went to Florida to bring the children to Georgia for a month's visit as agreed in a divorce decree. When the mother came to Georgia to return them to their home in Florida, she was served with the father's petition for change of custody. The mother filed a plea to the jurisdiction and motion to dismiss, which the trial court granted, and the father appeals. We affirm for the reason that this court finds as a matter of public policy that a noncustodial parent should not be able to entice the custodial parent into his jurisdiction for purposes of relitigating questions of custody. See Justice Hill's dissent in *Dearman v. Rhoden,* 235 Ga. 457, 460 (219 SE2d 704) (1975).

The father here has filed a petition for change of custody in the nature of habeas corpus. That is to say, the parent without legal custody has instituted a suit in the nature of habeas corpus against the parent with legal custody to obtain a change in legal custody. Although this is not a habeas corpus in the typical sense, it is the procedure used in Georgia to effectuate a change in custody established by a decree of divorce. Code Ann. §§ 50-121, 74-106, 74-107.

The general rule is that the court where the parent with legal custody resides has the exclusive right to award change of custody. *German v. Johnson,* 231 Ga. 454 (202 SE2d 89) (1973); *Milner v. Gatlin,* 139 Ga. 109 (76 SE 860) (1912). This is true whether the legal custodian lives in another state (*Van Gorder v. Van Gorder,* 227 Ga. 255 (179 SE2d 750) (1971); *Locke v. Locke,* 221 Ga. 603 (146 SE2d 273) (1965)), or in another county (*Danziger v. Shoob,* 203 Ga. 623 (48 SE2d 92) (1948)), and irrespective

of the physical presence of the child. *German v. Johnson,* supra; *Levens v. Edge,* 217 Ga. 418 (122 SE2d 728) (1961).

There is, however, a line of cases where the county of the noncustodial parent has been recognized as a proper forum for such suits. *Dearman v. Rhoden,* supra; *Padgett v. Penland,* 230 Ga. 824 (199 SE2d 210) (1973); *Glover v. Sink,* 230 Ga. 81 (195 SE2d 443) (1973); *Smith v. Smith,* 229 Ga. 580 (193 SE2d 599) (1972); *Dwyer v. Krelstein,* 211 Ga. 296 (85 SE2d 432) (1955).[1] These cases have generally arisen in two situations: (1) where an out-of-state custodial parent enters that county to retrieve his child, and is personally served or waives the requirements of personal jurisdiction, (2) where a nonresident custodial parent, either out of state or from another county, files a petition for habeas corpus to regain possession of his child. In both situations, the superior court has subject matter jurisdiction of habeas corpus and the child (the res) is physically present there.[2] In the former case, personal jurisdiction and venue, because he is an out-of-state resident, are satisfied by personal service in that jurisdiction.[3] *Dearman v. Rhoden,* supra. In the latter, these factors are satisfied on the theory that the custodial parent has submitted himself to that court's jurisdiction by filing his suit there,[4] to which the noncustodial parent

---

[1] In *Baker v. Smiley,* 231 Ga. 375 (202 SE2d 39) (1973), the jurisdictional question was not raised. *White v. White,* 231 Ga. 52 (199 SE2d 897) (1973) although relying on these cases, concerns modification of visitation in a suit filed by the noncustodial parent where the custodial parent resided. Thus the issues are different and not involved in the decision here.

[2] *Jones v. Jones,* 233 Ga. 793 (213 SE2d 659) (1975); *Moss v. Buhrman,* 231 Ga. 288 (201 SE2d 472) (1973); *Locke v. Locke,* supra; *Gates v. Shaner,* 208 Ga. 454 (67 SE2d 569) (1951); *Stallings v. Bass,* 204 Ga. 3 (48 SE2d 822) (1948).

[3] A Georgia resident from another county could not be sued in the noncustodial resident's county because of improper venue.

[4] We have already held that if the custodial parent

then counterclaims seeking change in custody. *Padgett v. Penland,* supra; *Glover v. Sink,* supra; *Dwyer v. Krelstein,* supra (all involving an out-of-state custodial parent who filed habeas corpus in the noncustodial parent's county), and *Smith v. Smith,* supra (involving a Georgia resident from another county, who also filed habeas corpus). See generally McGough & McGough, Domestic Relations, 27 Mercer L. Rev. 79 (1975); 28 Mercer L. Rev. 97 (1976).

The case now before us falls into this rule because the mother, from Florida, has come into the noncustodial parent's jurisdiction to retrieve her children. We, however, as a matter of public policy, decline to follow these cases, which allow the noncustodial parent to relitigate custody in his own jurisdiction.

This court is concerned with the number of cases in which children are illegally seized or illegally detained at the end of visitation periods by their noncustodial parents, as well as those where a parent is personally served with a petition when he arrives to return his children home, as in this case. We believe that by denying these parents a convenient forum in which to relitigate custody, these practices may be reduced or stopped altogether. It is thus in the public interest to discourage such conduct without any prejudice whatsoever to the noncustodial parent's right to bring such a petition where the legal custodian, and the children, reside.[5]

---

files a *contempt* action in the noncustodial resident's jurisdiction for purposes of enforcing the divorce decree, a counterclaim for change of custody will not lie under the Civil Practice Act, Code Ann. § 81A-113. *Word v. Word,* 236 Ga. 100 (222 SE2d 382) (1976); *Steelman v. Fowler,* 234 Ga. 706 (217 SE2d 285) (1975); *Fernandez v. Fernandez,* 232 Ga. 697 (208 SE2d 498) (1974); *Davis v. Davis,* 230 Ga. 33 (195 SE2d 440) (1973).

[5] The Uniform Child Custody Jurisdiction Act favors a similar policy. "Unless required in the interest of the child, the court shall not exercise its jurisdiction to modify a custody decree of another state if the petitioner, without consent of the person entitled to custody, has improperly removed the child from the physical custody of the person

Therefore, since the mother is not amenable to suit in the father's jurisdiction, the trial court properly dismissed his petition. If the trial court's decision is correct for any reason, it will be affirmed.

*Judgment affirmed. All the Justices concur, except Gunter and Ingram, JJ., who concur in the judgment only.*

Submitted November 19, 1976 — Decided January 7, 1977.

*Brinson, Askew & Berry, C. King Askew,* for appellant.

---

entitled to custody or has improperly retained the child after a visit or other temporary relinquishment of physical custody." Uniform Child Custody Jurisdiction Act § 8 (b). 9 ULA.