*Attorney,* for appellee.

### 33459. SWEENEY v. SWEENEY.

HALL, Justice.

These litigants were divorced in Fulton County, and appellant (Maureen Sweeney) was given custody, with visitation rights for appellee (Kevin Sweeney). In 1975 an action was filed in Fulton County by appellee against appellant, who at that time was still a resident of Fulton County. While we have no copy of the record in that case, the order of the court is included, and it reveals that the case involved appellant's refusal to allow visitation. Appellant was held in contempt, and ordered to comply with the custody order by immediately turning the child over to appellee for visitation. Apparently appellant fled the state rather than comply with this order, and the next day a new order was entered which gave custody of the child to appellee "until further order of the court," and ordered appellant arrested and jailed for contempt.

Appellee found the child and took custody under the order. They returned to his residence in DeKalb County, where he filed a suit for change of custody. This suit resulted in an award of custody to appellee, with visitation rights to appellant, who filed a bond to assure her compliance with the provisions of this first DeKalb judgment.[1] Because of a jurisdictional issue in the first DeKalb suit, appellee filed a second DeKalb suit for change of custody, and had appellant personally served with process as a temporary sojourner when she came to DeKalb to exercise her visitation rights under the first DeKalb order. (The first DeKalb suit, which was on appeal to this court, was later dismissed.)

Appellant answered the second DeKalb suit, denying jurisdiction, but failed to appear for the hearing. The court heard evidence of a change in conditions, and gave appellee permanent, exclusive custody. Several months

---

[1] We have only a copy of the bond in the record before us.

later appellant moved to set aside that judgment, and this appeal is from the denial of that motion.

1. Appellant relies on our holding in *Matthews v. Matthews,* 238 Ga. 201 (232 SE2d 76) (1977), and cases following that decision, that a suit by a noncustodial parent filed in his own county of residence while he is withholding custody from the nonresident custodial parent fails to state a claim for relief. Thus, she says, the second DeKalb suit should have been dismissed. However, it is not sufficient that the complaint fails to state a claim for relief when a party seeks to set aside the judgment by motion. Code § 81A-160 (d). Appellant had to show that no claim in fact existed,[2] and to do this she had to prove that she was the custodial parent at the time suit was filed.

Appellant claims custody under the original custody order, and although that order appears nowhere in the record, we will assume there is a sufficient admission by appellee of the existence and terms of that order to show that appellant was awarded permanent custody. But appellant had to show that she had custody at the time this suit was filed. Appellee established that he had temporary custody by order of the Fulton Superior Court at the time this suit was filed, and therefore appellant had to show that this order was void, or that the temporary custody order was irrelevant to the *Matthews* issue.

Appellant has failed to prove the invalidity of the Fulton temporary custody order. She argues only that at the time the order was entered[3] the Fulton Superior Court could not change custody in a contempt action, and that since the action against her was a contempt action, the order is void. Nowhere in the record is there any proof of the nature of the Fulton action which resulted in the temporary custody order.[4] While it is clear that contempt was involved, it is also clear that the Fulton Superior

---

[2] The *Matthews* rule is not jurisdictional.

[3] This occurred before the effective date of the amendments to Code §§ 30-127 and 74-107, which allow modification of custody on motion.

[4] In the posture of this case, any inadequacy in the record must be construed to favor appellee.

Court was the appropriate forum for a change of custody action at that time. Appellant had the burden of proving that this order was void, and she had not proved that it was entered in a case involving *only* contempt. Moreover, appellee's counsel alleges that the order was later consented to by appellant, and appellee has not shown that it was not. We must assume the Fulton Superior Court acted properly in granting appellee temporary custody, since there is no proof that it acted improperly.

Does the *Matthews* rule bar a new suit in the temporary custodian's county of residence when the permanent custodian has fled the state for the purpose of evading a lawful court order? In *Matthews* we were concerned with abductions by noncustodial parents, who then filed suit for change of custody in a forum which was inconvenient to the custodian. In this case the parent with permanent custody fled to the state to evade a lawful court order, and was then deprived of custody by an award of temporary custody to appellant. We will not allow appellant to use the *Matthews* rule to defeat the ends of justice.

We attach more significance to the fact that appellee was awarded temporary custody pendente lite because of appellant's misconduct than to appellee's permanent custody. Since it was appellee who was the custodial parent, *Matthews* does not apply. We see no error in the filing of a new suit in appellee's county of residence with the approval of the court which granted temporary custody, since appellant had abandoned her residence in this state for the purpose of evading an order of the court which first had jurisdiction. The Fulton Superior Court no longer had any factual connection with the parents or child.

We note in passing that the legislature has responded to the concerns we expressed in *Matthews* about the practice of filing suit to change custody in the county of the noncustodial parent after that parent abducts the child. See "Uniform Child Custody Jurisdiction Act,"[5] and "Georgia Child Custody

---

[5] To be codified as Georgia Code Ch. 75-5. House Bill No. 1281.

Intrastate Jurisdiction Act of 1978,"[6] (both effective January 1, 1979).

2. Appellant argues that the change of custody order is invalid because no copy of the original decree is contained in the record. We have no transcript of the hearing at which evidence was introduced to support the finding of a change of conditions. Therefore, we must assume that all necessary evidence was introduced. *Robinson v. Robinson,* 239 Ga. 323 (236 SE2d 660) (1977). We express no opinion on the merits of the argument in the abstract.

*Judgment affirmed. All the Justices concur, except Bowles, J., who concurs in the judgment only, and Undercofler, P. J., Hill and Marshall, JJ., who dissent.*

ARGUED APRIL 12, 1978 — DECIDED MAY 17, 1978 —
REHEARING DENIED JUNE 8, 1978.

*Mary Walton Whiteman,* for appellant.
*Alton L. Hawk,* for appellee.

UNDERCOFLER, Presiding Justice, dissenting.

The majority misconstrues the meaning of the Fulton County Superior Court's order. That court, when the mother absconded after being held in contempt,[1] ordered the sheriff to jail her until she could be brought before the court for a further hearing. Meanwhile, it gave the father indefinite visitation rights, rather than the week's visitation originally granted at the contempt hearing.[2] The court did not purport to change custody or

---

[6] Senate Bill No. 397.

[1] The record and transcript reveal that the father has not been entirely free of wrongdoing, but has also kidnapped the child from the mother. I thus find the public policy rationale stated by the majority less compelling.

[2] "It is hereby ordered that the Sheriff of Fulton County, Georgia, take custody of the minor child . . . and

place temporary custody in the father, which it clearly cannot do in a contempt case. We agree with the majority that the court's order must be given a valid construction; however, there is nothing in the the record to support the conclusion that the father might also have filed a change of custody petition in addition to the contempt action, just because the jurisdiction for change of custody then also belonged in the Fulton court.

Under Code Ann. § 81A-160(d), "pleadings must affirmatively show no claim in fact existed." By filing his suit, the father admits he did not have legal custody of the child. Under *Matthews,* supra, a suit to change custody must be brought where the legal custodian resides. The father's pleadings clearly state that his former wife was not a resident of Georgia. Therefore, the DeKalb Superior Court erred in failing to grant the mother's motion to set aside the judgment. I would reverse in order to strengthen and reaffirm the important public policy as stated in *Matthews.*

I am authorized to state that Justice Hill joins in this dissent.

deliver the same to Kevin Joseph Sweeney, until further order of court."