### 23314. WREDE v. BEUKE.

MOBLEY, Justice. The appeal is from a judgment of the Superior Court of Houston County awarding custody of two minor children to the mother and giving visitation rights to the father, in a habeas corpus action based upon change in circumstances brought by her against the father, who 64 days before had been awarded custody by that court. Prior to that time (since 1961) the maternal grandfather and grandmother had custody of the children under a decree of the court. *Held:*

To authorize a change in custody it must be shown that there has been a change in conditions substantially affecting the interest and welfare of the children. *Danner v. Robertson,* 221 Ga. 516 (145 SE2d 554); *Elders v. Elders,* 206 Ga. 297 (57 SE2d 83); *Fortson v. Fortson,* 197 Ga. 699 (30 SE2d 165). " 'In determining whether or not there has been such a change, the trial judge is vested with a discretion which will not be controlled by this court unless it is abused.' Furthermore, 'when the trial judge is by law made the trior of an issue of fact, this court will not interfere with his finding where there is any evidence to support it.' " *Mallette v. Mallette,* 220 Ga. 401, 404 (139 SE2d 322). See also *Madison v. Montgomery,* 206 Ga. 199 (56 SE2d 292); *Good v. Good,* 205 Ga. 112 (52 SE2d 610). There was evidence to support the finding of the trial judge that there had been a change in circumstances authorizing a change in custody. Counsel for the father stipulated that the mother was a fit person to have the children, and the evidence disclosed that the children had been with her and her husband, she having remarried, during the school year previous to the award of custody to the father and that the children were happy, loved, and well cared for in their home. The father testified that if the children were awarded to him he would get his father and mother to come down and stay for some time, which was never done; that, while he was a flight officer in the Air

Force, he could arrange his schedule as he wished, and that he would do so that he might be at home and take care of the children. However, during the first 45 days the children were with him he was away on one trip for a period of 11 days and on another for 13 days, or a total of 24 days, during which time they were looked after by a practical nurse whom he had employed to stay with them. This woman, who resigned after 30 days, testified that the father did not know how to care for the children, neglected their needs, and that the children were not happy with him, and that he never carried them to Sunday school. After the nurse left he employed a maid to stay with the children. The mother testified that there had been a great change in the children during the time the father had them; that they showed the effects of neglect, their hair was shaggy and was uncut, they were not neat in their clothes and "they kind of looked like little rag-a-muffins." The evidence showed strongly that it was in the best interest of the children that they be awarded to the mother, as the father was not in a position to give them the care and attention which they required and that the mother could and would give them.

*Judgment affirmed. All the Justices concur.*

Submitted January 10, 1966—Decided February 10, 1966.

*Aultman, Hulbert, Buice & Cowart, R. Avon Buice,* for appellant.

*Sam A. Nunn, Jr.,* for appellee.