## 35703. WEBB v. WEBB.

CLARKE, Justice.

This case calls for an interpretation of certain provisions of Georgia's Uniform Child Custody Jurisdiction Act, Code Ann. § 74-501 et seq. The mother appeals an order of the Superior Court of Berrien County modifying a previous final decree of divorce by changing custody from the mother to the father. The court also denied the mother's counterclaim for contempt and her application for a writ of habeas corpus.

The evidence authorized a finding that subsequent to the entrance of a final decree of divorce entered in Berrien County September 22, 1977, giving custody of the minor child to the mother, the mother moved some six times and finally established residency near Gainesville, Florida. On February 17, 1979, the mother left the six-year-old child of the parties without adult supervision at her home and flew to Miami for a weekend. Having been contacted by Florida authorities, the father went to Florida, picked up the child and returned to his home in Berrien County, Georgia.

On March 8, 1979, the wife filed an action in Alachua County, Florida, praying for an injunction for the purpose of enforcing the Georgia decree and seeking an order limiting visitation rights of the father. On March 23, 1979, before the issuance of a permanent order in the Florida action, the father filed a complaint in Berrien County, Georgia, asking that the original Georgia decree be modified to change custody of the minor child to him.

The mother counterclaimed for contempt and sought a writ of habeas corpus. Subsequent to the filing of the complaint in Georgia by the father, and prior to any hearing in Georgia on the matter, the Florida court entered a final order on April 18, 1979, establishing the Georgia decree as the judgment of the Florida court and modifying the father's visitation rights.

The Superior Court of Berrien County heard evidence on the father's complaint on May 10, 1979, and on June 21, 1979, entered an order changing custody to the father and ruling that the father was not in contempt as alleged by the counterclaim. The mother's counterclaim for habeas corpus was likewise denied. The mother appeals from this order of the Superior Court of Berrien County.

1. The mother contends that Georgia was not an appropriate or convenient forum for determination of the custody of the child because of insufficient contacts between the parties and this state. While it is true that the child was in Florida with the mother under a valid original decree of the Berrien County court giving custody to the mother, we find that the Georgia court was authorized under the evidence to find that the father retrieved the child in the face of an emergency situation created by the mother. The circumstances of the child's retrieval by the father were sufficient to afford Georgia jurisdiction under Code Ann. § 74-504 (a) (3).

2. The mother also argues that the pendency of the Florida action preempted Georgia jurisdiction. The action was pending in Florida at the time the father filed his suit, and while the father did not properly inform the Georgia court of this fact, this information was fully supplied to the Georgia court by the mother in her motion to dismiss. This fact placed a duty upon the trial court to confer with the Florida court with a view toward determining the appropriate forum. Code Ann. § 74-507. This was not done. Correspondingly, the Florida court, having notice in the mother's pleadings that an action might be pending in Georgia, was under a duty to confer with the Georgia court. There is nothing in the record before this court to indicate any effort on the part of the Florida court to fulfill this duty prior to entering its final

judgment.

Among the primary purposes of the Uniform Child Custody Jurisdiction Act is to avoid overlapping adjudication and to prevent judgment races. In this case, neither state made a contribution toward that goal. The Georgia court exercised its jurisdiction with knowledge of the case in Florida. The Florida court entered its final order with notice that an action might be pending in Georgia.[1] Neither court consulted the other.

The action required of a court before assuming jurisdiction or conducting a hearing in a custody proceeding is that the court determine whether an action is pending in another state. Code Ann. § 74-507. As subsections (b) and (c) clearly reveal, the crucial determination by the court is whether at the time it assumes jurisdiction another court is presently exercising jurisdiction over the issue of custody of the child. In the present case, at the time of the hearing on May 10, 1979, on the mother's motion to dismiss for lack of jurisdiction and upon the case in chief, the Georgia court had before it the final order of the Florida court entered April 18, 1979, concluding the Florida action. No additional inquiry was necessary, it being apparent that the Florida action had been concluded before the Georgia court exercised jurisdiction, although after the Georgia petition was filed. An investigation at that point would have been futile, and it is clear that the law does not require a useless act. Had the Georgia proceeding been dismissed, there could have been no resolution of the custody dispute by any court unless a new lawsuit were brought. This result would be contrary to principles of judicial economy and orderly administration of justice and would have done nothing to advance the purpose of § 74-507, which is the prevention of jurisdictional conflicts between the states. Consequently, we find that the pendency of the Florida action at the time the Georgia action was filed did not preempt the jurisdiction of the Georgia court.

---

[1]The duty of a party to inform the court of any custody proceeding in any other state continues during the entire proceeding. Code Ann. § 74-510 (c).

3. The mother also assigns error in the court's finding that there had been a material change in circumstances affecting the welfare of the child so that custody should be changed to the father. In making the determination whether there has been a material change in circumstances affecting the child, the trial court is vested with broad discretion which will not be disturbed on appeal unless abused. *Wrede v. Beuke,* 221 Ga. 778 (147 SE2d 324) (1966); *Mallette v. Mallette,* 220 Ga. 401 (139 SE2d 322) (1964). We find that the trial court did not abuse its discretion in finding it in the best interest of the child that custody be awarded to the father.

The remaining enumerations of error are without merit.

*Judgment affirmed. All the Justices concur, except Jordan, P. J., Hill and Marshall, JJ., who dissent.*

Argued January 16, 1980 — Decided April 8, 1980 — Rehearing denied April 22, 1980.

*Roy M. Sobelson, John L. Cromartie, Jr.,* for appellant.

*Perry & Franklin, W. S. Perry, J. Reese Franklin,* for appellee.

Hill, Justice, dissenting.

The mother left her six-year-old son in the care of his 13-year-old step-sister for a weekend. The mother's cousins, who lived next door, were looking after the children. While such conduct may not be proper child care, it does not constitute abandonment or an emergency. The father brought the child back to Georgia on February 18, 1979, and did not file this suit until March 23, over a month later.

The majority find (Division 1, supra) that the Georgia court had jurisdiction under Code Ann. § 74-504 (a) (3). That section provides that "A court of this State which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if: . . . (3) The child is physically present in this State and (A) the child has been

abandoned or (B) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent." This is § 3 (a) (3) of the Uniform Child Custody Jurisdiction Act.

To avoid "child snatching" of allegedly abandoned children, or children found in a situation alleged to be an emergency, I would hold that § 3 (a) (3) of the UCCJA, Code Ann. § 74-504 (a) (3), supra, gives jurisdiction to a court of that state where the child is physically present when the alleged abandonment or emergency is discovered by his or her parent or person claiming the right to custody. That would be the Florida court in this case. In my view the majority has condoned child snatching contrary to the landmark decision in *Matthews v. Matthews,* 238 Ga. 201 (232 SE2d 76) (1977).

I respectfully dissent to this return to the old ways.

I am authorized to state that Presiding Justice Jordan and Justice Marshall join in this dissent.