## 35794. YEARTA v. SCROGGINS.

UNDERCOFLER, Chief Justice.

The mother and father here were divorced in Missouri in February, 1977. The mother and the two children, whose custody was awarded to her, then moved to Georgia. Later that year, she became sick and could not care for the children, and asked the father to keep them temporarily. Upon returning the children to Missouri, he filed a motion for change of custody, serving the mother by certified mail. She did not answer and custody was changed to the father. In the summer of 1979, the mother refused to return the children to the father in Missouri after their visitation period. The father then filed this Georgia habeas corpus action, which she defended on the ground that the Missouri change of custody was void for lack of personal jurisdiction over her.

The habeas court held that the Missouri judgment was entitled to full faith and credit and that under the public policy stated in *Matthews v. Matthews*, 238 Ga. 201 (232 SE2d 76) (1977), and *Woods v. Woods*, 238 Ga. 737 (235 SE2d 36) (1977), it had no choice but to return the children to the father. We affirm for a different reason.

The Missouri decree, based on service by mail, is not entitled to full faith and credit, and heretofore would not have been recognized under principles of comity. *Boggus v. Boggus,* 236 Ga. 126 (223 SE2d 103) (1976); *Daniel v. Daniel,* 222 Ga. 861 (152 SE2d 873) (1967); *Locke v. Locke,* 221 Ga. 603 (146 SE2d 273) (1965); *Peeples v. Newman,* 209 Ga. 53 (70 SE2d 749) (1952). We must, however, re-examine the comity question in light of the recent adoption of the Uniform Child Custody Jurisdiction Act. Ga. L. 1978, p. 258 (eff. Jan. 1, 1979); Code Ann. Ch. 74-5; Mo. Rev. Stat. § 452.455 (eff. Mar. 6, 1979).

Section 6 of the Act, Code Ann. § 74-506 (a), provides for personal jurisdiction by service of the non-resident party in person, by mail, or by publication.[1] Code Ann. § 74-514 mandates that the "courts of this State *shall*

---

[1]Code Ann. § 74-506 (a): "Notice required for the exercise of jurisdiction over a person outside this State

*recognize and enforce* an initial or modification decree of a court of another State which had assumed jurisdiction under statutory provisions substantially in accordance with this chapter. . ." (Emphasis supplied.) It is, therefore, apparent that the General Assembly has mandated that the public policy of this State is to recognize, under principles of comity, child custody decrees where there is no personal jurisdiction that would satisfy the full faith and credit clause of our Federal Constitution.

The net effect is that no longer may a parent sit back and ignore custody proceedings in other states relying on the fact that the courts of this State will not enforce such foreign decrees. Those proceedings must be defended[2] in the foreign state, for the resulting decree must be recognized and enforced here. Code Ann. § 74-514.

Since the habeas court in this case relied on it, we note also that the public policy of this State as expressed in *Matthews v. Matthews,* supra, concerning jurisdiction in proceedings for *modification* of custody, has not been changed by the adoption of this Act. On the contrary, the General Assembly has reiterated this policy in adopting both the Georgia Child Custody Intrastate Jurisdiction Act, Ga. L. 1978, p. 1957, eff. Jan. 1, 1979; Code Ann. Ch. 24-3B, and the interstate, Uniform Child Custody Jurisdiction Act. The courts of this state, therefore, will continue to refuse to provide a forum for relitigating

---

shall be given in a manner reasonably calculated to give actual notice and may be made: (1) By personal delivery outside this State. . . (2) In the manner prescribed by the law of the place in which the service is made. . . (3) By any form of mail . . . requesting a receipt. (4) As directed by the court including, but not limited to, publication. . ."

[2]Code Ann. § 74-509 provides that, if a court finds the petitioning parent has wrongfully taken or detained the child, expenses for travel and attorney fees may be assessed against the petitioner. Under Code Ann. § 74-512 (b); the court may order an out-of-state parent before the court under penalty of suffering an adverse judgment.

custody except where the legal custodian resides.[3] Code Ann. §§ 24-304b (a), 74-509, 74-504(a)(1).

Code Ann. § 74-509 states: "Unless required in the interest of the child, the court *shall not* exercise its jurisdiction to modify a custody decree of another State if the petitioner, without consent of the person entitled to custody, has improperly removed the child from the physical custody of the person entitled to custody, or has improperly retained the child after a visit or other temporary relinquishment of physical custody." (Emphasis supplied.) We note further that, although *Matthews,* supra, did not apply to initial custody determinations, *Simmons v. Simmons,* 243 Ga. 128 (252 SE2d 908) (1979), the Act provides otherwise, and allows a court to decline jurisdiction in cases of wrongdoing. Code Ann. § 74-504 (a) (1).

In summary then, jurisdiction to make initial child custody determinations is determined under Code Ann. § 74-504 with notice as provided in Code Ann. § 74-506. Once such a determination is made, this State will entertain suits for modification only if the legal custodian resides here, but will recognize and enforce modifications of other states where proceedings were in accordance with the provisions of the Uniform Act.

Here, the mother received notice by certified mail that a change of custody was pending against her in Missouri. She chose not to respond and suffered a judgment adverse to her interests. Under the public policy of this State, however, our courts must now recognize this judgment.[4] Since the father's Missouri modification of custody was entitled to be enforced in the courts of this State,[5] the trial court properly granted him habeas relief.

---

[3]Our recent case of *Webb v. Webb,* 245 Ga. 650 (1980), must be limited to its facts, wherein an extreme emergency existed in which the Florida police turned the child over to the Georgia father. Code Ann. § 74-504(a)(3).

[4]In *Roehl v. O'Keefe,* 243 Ga. 696 (256 SE2d 375) (1979), we held the Uniform Child Custody Jurisdiction Act applicable retroactively.

[5]The fact that the father may have wrongfully initiated such a proceeding in Missouri under the Act's

*Judgment affirmed. All the Justices concur, except Clarke, J., who concurs in the judgment only and Nichols and Marshall, JJ., who dissent.*

SUBMITTED JANUARY 4, 1980 — DECIDED
MAY 27, 1980.

*James D. Mitchell*, for appellant.
*Bruce W. Callner*, for appellee.

provisions is a matter of defense which should have been raised by the mother had she answered her summons there.