## 36017. BURTON v. BISHOP.

CLARKE, Justice.
We are called upon to decide whether a child custody judgment of an Ohio court is enforceable in Georgia under the provisions of the Uniform Child Custody Jurisdiction Act.
At one time, the parties lived in Muscogee County, Georgia,

where they divorced in 1976. Subsequently reconciled, they remarried and lived together with their children in Ohio. In November, 1977, Mrs. Burton left Ohio, taking the children with her, and moved to Bulloch County, Georgia. Mr. Burton filed a divorce action against Mrs. Burton in Ohio in February, 1978, securing service by registered mail pursuant to Ohio Rules of Civil Procedure, Rule 4.3(A)(8), (B)(1). In July, 1978, the Ohio court entered a decree, the terms of which awarded a divorce to Mr. Burton and granted to him custody of the children. He then proceeded to file an action in Bulloch County, Georgia, the residence of Mrs. Burton (now Bishop), to enforce the custody decree of the Ohio court. The former wife answered, filed a counterclaim, and moved to dismiss the action. The Superior Court of Bulloch County held that the Ohio court did not have personal jurisdiction over the former wife and dismissed the former husband's action and the former wife's counterclaim.

The sole question before the court on Mr. Burton's appeal is whether the original Ohio decree granting custody to Mr. Burton is entitled to recognition in Georgia in the absence of personal jurisdiction of the Ohio court over Mrs. Burton (now Bishop). The Uniform Child Custody Jurisdiction Act, effective in Ohio at the time of the original decree, provides that a court has jurisdiction to reach a custody determination under the circumstances existing in this case: "(a) A court of this State which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if: (1) This State . . . (B) had been the child's home State within six months before commencement of the proceeding and the child is absent from this State because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this State. . . ." Code Ann. § 74-504 (a) (1) (B).

In this case, Ohio had been the home state of the children within six months before the commencement of the proceeding, and the children were absent from the state because of the removal and retention by their mother who was apparently claiming custody. The evidence also is that Mr. Burton continued to live in the State of Ohio.

Under our recent decision in *Yearta v. Scroggins,* 245 Ga. 831 (1980), Mr. Burton's original grant of custody was entitled to be enforced in the courts of this state pursuant to the Uniform Child Custody Jurisdiction Act. Ga. L. 1978, p. 258 (eff. Jan. 1, 1979); Code Ann. Ch. 74-5; Ohio Rev. Code Ann. § 3109.21, et seq. (eff. Oct. 25, 1977). Accordingly, that portion of the judgment of the Bulloch County Superior Court granting former wife's motion to dismiss must be reversed.

*Judgment reversed in part. All the Justices concur.*

SUBMITTED MARCH 7, 1980 — DECIDED JUNE 17, 1980 — REHEARING DENIED JULY 15, 1980.

*Allen, Brown, Wright & Edenfield, Charles H. Brown, Susan E. Warren,* for appellant.
*William J. Neville, Reba J. Neville,* for appellee.