## 36648. MORRIS v. MOSLEY.

MARSHALL, Justice.

The appellant former husband and the appellee former wife were divorced in the Superior Court of Jones County in 1970. The appellee was awarded custody of the parties' two minor children. The question concerning custody of the children has been litigated by the parties several times since 1970, and in the last proceeding, which was in the Juvenile Court of Bibb County in 1975, custody of the children was continued in the appellee.

The appellant testified at the hearing below that the children contacted him in April of 1980. At that time, they were residing with their mother in California. The appellant testified that the children told him that they were going to run away from their home in California, and they asked him to send them money so that they could come to Georgia and live with him. This he did, and the children arrived in Georgia on April 11.

On April 22, the appellee filed this petition for writ of habeas corpus in the Bibb Superior Court seeking to regain custody of the children. The appellant answered, and he filed a counterclaim seeking custody of the children on the ground that there has been a change of circumstances materially affecting the welfare of the children. The proceedings were transferred to the Bibb Juvenile Court. After conducting a hearing, the juvenile court judge declined to accept jurisdiction of the appellant's counterclaim for change of custody, and the children were remanded to the custody of the appellee. We granted the appellant's application for appeal. *Held:* We affirm.

As we read the transcript, the juvenile court judge declined to entertain the appellant's counterclaim for change of custody on the ground that Georgia is an inconvenient forum to make this custody determination and California is a more appropriate forum.

Under the Uniform Child Custody Jurisdiction Act (Code Ch. 74-5; Ga. L. 1978, p. 258 et seq.), the courts of this state are vested with a certain amount of discretion in determining whether to accept jurisdiction over interstate child custody disputes. Although the juvenile court may have been authorized to accept jurisdiction over

the appellant's counterclaim for custody modification under § 74-504 of the Uniform Act, see *Webb v. Webb,* 245 Ga. 650 (266 SE2d 463) (1980), it was certainly within the court's discretion to refuse to accept jurisdiction under § 74-508. See *Yearta v. Scroggins,* 245 Ga. 831 (268 SE2d 151) (1980); *Matthews v. Matthews,* 238 Ga. 201 (232 SE2d 76) (1977).

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 12, 1980 — DECIDED NOVEMBER 25, 1980.

*Charles A. Mathis, Jr.,* for appellant.
*Alton Gladin, Lawton Miller, Jr.,* for appellee.