### 36832. BISHOP v. BISHOP.

PER CURIAM.

This is a child custody habeas corpus proceeding.

The stipulated transcript of proceedings establishes the following: Howard and Edith Bishop were divorced in Kansas and Edith was awarded custody of their two minor children. Edith moved to Georgia and established legal residence here. Howard was unsuccessful in exercising his visitation rights. He testified that Edith refused to cooperate. Edith testified that he had threatened to harm her and to remove the children from her. Howard filed a motion for change of custody in the Kansas divorce case. Edith received notice of the motion through the mails but did not appear upon advice of counsel. The Kansas court changed custody of the children to Howard. Howard came to Georgia unannounced, took the children from Edith's home without her knowledge or consent, left a copy of the Kansas order nailed to Edith's door, and took the children with him back to Kansas.

Edith then moved back to Kansas, reestablished her residency there, and filed a motion for change of custody against Howard. She and Howard appeared in those evidentiary proceedings personally and through counsel. Both presented evidence. The Kansas court continued custody in Howard. Edith appealed, then dismissed her appeal. While exercising her visitation rights, Edith fled Kansas with the children and brought them back with her to Georgia. Howard then filed the present habeas action in Edith's county of residence in Georgia. The Georgia court refused to recognize either of the Kansas orders entered subsequent to the original order in the divorce proceedings. It took jurisdiction over the children, held that Edith had custody under the original custody order, and awarded visitation rights to Howard. Howard then left Georgia with the children and took them to Kansas. When Howard did not return the children to Edith after the visitation period granted by the Georgia court, Edith went to get them in Kansas, where she was arrested on a warrant charging her with unlawfully taking the children from Kansas without Howard's consent after the Kansas order reaffirming

custody in Howard. The Kansas authorities apparently thereafter released her, whereupon she returned to Georgia with the children.

The trial court denied Howard's petition for the writ of habeas corpus and Howard appealed. We reverse.

The trial court should have granted the petition and delivered the children to Howard as the custodial parent. As a matter of public policy, we refuse to provide a forum in Georgia for relitigating custody when the noncustodial parent resident in Georgia improperly has removed the child from the physical custody of the custodial parent who resides in another state. *Yearta v. Scoggins,* 245 Ga. 831 (268 SE2d 151) (1980); *Matthews v. Matthews,* 238 Ga. 201 (232 SE2d 76) (1977); see *Morris v. Mosley,* 246 Ga. 749 (272 SE2d 705) (1980). The second Kansas custody proceeding was initiated by Edith after she reestablished her legal residence in Kansas. She was represented by counsel, she appeared personally and she testified. The Georgia court should have enforced the judgment in the Kansas custody proceedings initiated by Edith. *Yearta,* supra; *Matthews,* supra. The case of *Webb v. Webb,* 245 Ga. 650 (266 SE2d 463) (1980), must be limited to its facts, that is, a situation in which an extreme emergency exists authorizing conduct of the noncustodial parent which otherwise would be contrary to the public policy of this state. Code Ann. § 74-504 (a)(3); *Yearta,* supra, at 833, fn. 3.

*Judgment reversed. All the Justices concur, except Gregory, J., not participating.*

DECIDED JANUARY 15, 1981 —
REHEARING DENIED JANUARY 27, 1981.

*Smith, Geer, Brimberry & Kaplan, Jerry W. Brimberry,* for appellant.
*Donald E. Strickland,* for appellee.