## 63610. CRAIGHEAD v. DAVIS.

QUILLIAN, Chief Judge.

This court granted Georgia Craighead's application for interlocutory appeal to determine whether or not the Brantley County Superior Court should have accepted jurisdiction over the custody issue of her minor child.

On October 16, 1975, Georgia Craighead gave birth to an illegitimate child while cohabiting with Sherman Davis in Washington County, Florida. The child resided with her mother in Florida from her birth in 1975 until her father took her to his home in Brantley County, Georgia, on January 30, 1981. Davis testified he told her mother he would return the child "in thirty days." The mother testified the visit was to last but "two weeks, not a month. . ." On March 30, 1981, Davis filed this action, titled "Petition to Legitimate Child" in which he admitted he was the father of the child and that Georgia Craighead was the mother. The petition alleged that "on January 30, 1981" the mother "surrendered the physical control" of the child to him. The petition prayed for legitimation, "temporary custody . . . pending litigation, and on the trial of the same that the permanent custody of said child be awarded to the Petitioner."

Georgia Craighead was served by mail in Florida but appeared, answered, and filed a motion to dismiss and counterclaim. The answer correctly pointed out that this action was "a proceeding to determine the custody of a minor child, and is subject to the provisions of the Uniform Child Custody Jurisdiction Act, Georgia Code §§ 74-501 *et seq.*" The mother also showed in her answer that there was then pending in the Circuit Court of the Ninth Judicial Circuit in Orange County, Florida, an action by the mother for custody of her minor child and she alleged that the Georgia Court lacked jurisdiction over the "subject matter" of this action and of the person of Georgia Craighead.

This action was filed March 30, 1981, and the Florida action was filed on April 10, 1981. On August 17, 1981 the Florida court awarded permanent custody of the child to the mother. On August 5, 1981, the Georgia court legitimated the minor child and awarded permanent custody to the father, finding that Georgia Craighead had men come to her apartment in Orlando while the child was with her, "and that a lot of drinking was going on," and the court "has jurisdiction to decide this case under Code Section 74-504A (2) (3) . . ." Georgia Craighead brings this appeal. *Held:*

1. It is contended the trial court erred "in assuming subject matter jurisdiction of this action." We do not agree. Jurisdiction of a

court encompasses the subject matter and the person. "Jurisdiction of the person refers to the power of the court to render a judgment which will be binding upon the persons of the parties, and is obtained by their appearance or by use of the proper process for the type action." *Hopkins v. Hopkins,* 237 Ga. 845, 847 (229 SE2d 751); 18 EGL 406, Jurisdiction, § 8. Jurisdiction of the subject matter "'refers to subject matter alone,' i.e., 'conferring jurisdiction in specified kinds of cases.' [Cit.] It 'is the power to deal with the general abstract question, to hear the particular facts in any case relating to this question . . .' [Cit.] . . . [It] does not mean simply jurisdiction of the particular case then occupying the attention of the court, but jurisdiction of the class of cases to which that particular case belongs.'" *Hopkins v. Hopkins,* 237 Ga. 845, 846, supra; 18 EGL 405, Jurisdiction, § 7. Our Constitution has granted to superior courts of this state jurisdiction over interstate issues of child custody. Code Ann. §§ 2-3303 (Const. of Ga. 1976, Art. VI, Sec. IV, Par. III); 24-2615 (Code § 24-2615); 74-504 (Ga. L. 1978, pp. 258, 262); see also *Munday v. Munday,* 243 Ga. 863 (257 SE2d 282); *Goldfarb v. Goldfarb,* 246 Ga. 24 (268 SE2d 648); *Morris v. Mosley,* 246 Ga. 749 (272 SE2d 705); *Williams v. Davenport,* 159 Ga. App. 531 (284 SE2d 45); *Brant v. Bazemore,* 159 Ga. App. 659 (284 SE2d 674). Accordingly, the Brantley County Superior Court had "subject matter" jurisdiction over this type action.

2. Defendant alleges the trial court erred in assuming jurisdiction over this action — contrary to Georgia Code § 74-504. We agree and reverse.

Florida law was not introduced in the current action and we must assume it is the same as Georgia law. *Ferster v. Ferster,* 220 Ga. 319, 322 (138 SE2d 674). In Georgia, a mother is entitled to custody of her illegitimate child. *Pettiford v. Mott,* 230 Ga. 692, 693 (198 SE2d 662). As the mother is the only recognized parent by law, she exercises all parental control. It is clear why the plaintiff in this case filed for legitimation — to become a recognized parent, and then in the same action sought to effect a change of custody from the mother to himself. See *Blalock v. Blalock,* 247 Ga. 548 (277 SE2d 655); *Williams v. Davenport,* 159 Ga. App. 531, 532, supra. The Supreme Court faced a situation similar to the instant case in *Matthews v. Matthews,* 238 Ga. 201 (232 SE2d 76), in which the mother and father divorced in Floyd County, Georgia and the mother was given custody of the minor children and moved to Florida. The father brought the children to Georgia for a one month visit and when the mother came to retrieve the children she was served with process for change of custody. The Supreme Court held: ". . . this court finds as a matter of public policy that a noncustodial parent should not be able to entice

the custodial parent into his jurisdiction for purposes of relitigating questions of custody . . . The general rule is that the court where the parent with legal custody resides has the exclusive right to award change of custody . . . This is true whether the legal custodian lives in another state [cits.], or in another county [cits.], and irrespective of the physical presence of the child." 238 Ga. at 201.

The Supreme Court has taken a firm stand on the issue of child custody. "As a matter of public policy, we refuse to provide a forum in Georgia for relitigating custody when the noncustodial parent resident in Georgia improperly has removed the child from the physical custody of the custodial parent who resides in another state. *Bishop v. Bishop,* 247 Ga. 56, 57 (273 SE2d 394). "A noncustodial parent who illegally seizes a child or illegally detains a child at the end of a visitation period is not to be given sanctuary by our courts." *Etzion v. Evans,* 247 Ga. 390, 392 (276 SE2d 577).

In this case, the mother was the custodial parent. The father illegally retained custody of the minor child after a visitation period granted by the custodial parent. The trial court should have refused jurisdiction. *Matthews v. Matthews,* 238 Ga. 201, supra; *Yearta v. Scroggins,* 245 Ga. 831 (268 SE2d 151); *Bishop v. Bishop,* 247 Ga. 56, supra; *Etzion v. Evans,* 247 Ga. 390, supra.

This state has adopted the Uniform Child Custody Jurisdiction Act (UCCJA). See Code Ann. Chap. 74-5 (Ga. L. 1978, pp. 258 et seq). It provides the statutory guidance we must utilize to resolve issues of custody of minor children when parents reside in different states. (See Code Ann. Chap. 24-3B for intrastate child custody matters). Code Ann. § 74-504 (a) (1) provides that a court of this State which is competent to decide child custody has jurisdiction to make such determination if Georgia "is the home state of the child at the time of commencement of the proceeding," or "has been the child's home state within six months before commencement of the proceeding . . ."

Georgia was not the home state. *Burton v. Bishop,* 246 Ga. 153, 154 (269 SE2d 417); *Fortson v. Fortson,* 152 Ga. App. 326 (3) (262 SE2d 599); Code Ann. § 74-503 (e) (Ga. L. 1978, pp. 258, 260).

The mother did not make a general appearance in this case but specifically objected to jurisdiction over the person and subject matter. See generally 5 AmJur2d 479-480, Appearance, §§ 2, 3. The trial court found jurisdiction under Code Ann. § 74-504 (a) (2) & (3), which provides that a court of this state has jurisdiction if "[i]t is in the best interest of the child" and there is substantial evidence that because of the child's present or future care and protection it should assume jurisdiction, or that the child is presently in this state and has been abandoned or it is an emergency situation in which it is necessary to protect the child. We have found no evidence

in the record or transcript which would warrant or sustain such a finding. Further, "[i]f it is in the child's best interest that child custody be changed, the noncustodial parent must, instead of [retaining the child beyond a visitation period] seek a change of custody where jurisdiction lies." *Etzion v. Evans,* 247 Ga. 390, 393, supra.

We are aware of *Webb v. Webb,* 245 Ga. 650 (266 SE2d 463), a case in which the custodial parent left minor children unsupervised for a weekend and visited a distant city, and state authorities requested the non-custodial parent to assume custody. The Supreme Court has also held that *Webb* "must be limited to its facts, that is, a situation in which an extreme emergency exists authorizing conduct of the noncustodial parent which otherwise would be contrary to the public policy of this state." *Bishop v. Bishop,* 247 Ga. 56, supra. *Webb,* supra, cannot be read as support for the finding of jurisdiction of the trial court.

The court properly exercised its jurisdiction under Code Ann. § 74-103 (Code § 74-103) to legitimate the minor child. *Bennett v. Day,* 92 Ga. App. 680 (89 SE2d 674); *Sims v. Pope,* 228 Ga. 289, 291 (185 SE2d 80); *In re Pickett,* 131 Ga. App. 159 (205 SE2d 522). However, we find the Brantley County court lacked jurisdiction over the minor child to effect a change of custody. Accordingly, the judgment of the court must be reversed insofar as it purported to effect a change of custody of the minor child to the father.

*Judgment affirmed in part; reversed in part. Shulman, P. J., and Carley, J., concur.*

DECIDED APRIL 16, 1982.

*Edward R. Zacker, John L. Cromartie, Jr.,* for appellant.
*Francis Houston,* for appellee.