A93A1271. LIGHTFOOT v. LIGHTFOOT.

(436 SE2d 700)

BIRDSONG, Presiding Judge.

We granted this discretionary appeal to consider Darlene Morgan Lightfoot's appeal of the trial court's judgment changing custody of her son from her to her ex-husband, Calvin Tom Lightfoot. She contends that the trial court erred by denying her motion to dismiss the complaint because of lack of jurisdiction and that the trial court abused its discretion by changing custody because the change of custody was not supported by the evidence.

The child was born in August 1990, and the parents were married later that month, but they lived together only until October 1990, when they separated. Shortly after the separation, the mother and child moved to Panama City, Florida. In July 1991, the parties were divorced and, pursuant to their agreement, custody of the child was awarded to Darlene Lightfoot with reasonable visitation granted to Calvin Lightfoot. At the time of the divorce, Darlene Lightfoot and the child continued to reside in Florida. Later, the mother agreed to more extended visits with the father, including an extended six-month visit with Calvin Lightfoot at his home in Lee County, Georgia. Shortly after the six-month visitation began, however, Darlene Lightfoot demanded the return of the child because she learned Calvin Lightfoot had hired a private investigator to investigate her living arrangements and lifestyle. Calvin Lightfoot refused to return the child and instead filed a complaint for modification of custody of the

child; the mother was denied custody of the child until these proceedings were held.

After being served with the complaint, Darlene Lightfoot moved to dismiss the action because of lack of jurisdiction. She contended that she and the child were domiciliaries of Florida and therefore the modification action was required to be brought in Florida since custody modification actions are required to be brought in the county of the legal residence of the custodian of the child. Nevertheless, the trial court found jurisdiction under OCGA § 19-9-43 (a) (2) and denied the motion to dismiss. Subsequently, the trial court made Calvin Lightfoot the legal custodian of the child.

The trial court did not designate any particular event or condition that constituted a change in circumstances, but instead found "as a matter of law that there has been a material change in circumstances affecting the best interest of the child since the original custody order was entered and that it is in the best interest of the minor child to remain here in Georgia with the plaintiff, where the child is close to a loving extended family, available and eager to offer any assistance the plaintiff may need in caring for said minor child." The court then awarded joint custody to the parties, but with Calvin Lightfoot having the child for the nine months of the school year and Darlene Lightfoot having the three summer months. The child was three years old on August 4, 1993. *Held*:

1. Before addressing the errors enumerated, we must note that by assuming jurisdiction of this case the trial court violated both the law and the public policy of this state. Although the child was on an extended visit with the father through the agreement with the mother, the father was not the legal custodian. OCGA § 19-9-22 (2). Therefore, the father had no right to retain physical custody of the child once the mother as legal custodian demanded his return. Consequently, under the law of this state, the father was not allowed to maintain this action. "A physical custodian shall not be allowed to maintain against the legal custodian any action for . . . change of child custody . . . so long as custody of the child is withheld from the legal custodian in violation of the custody order." OCGA § 19-9-24 (a).

Moreover, the trial court's assumption of jurisdiction in this case also violated the long-standing public policy of this state as announced by our Supreme Court in *Matthews v. Matthews*, 238 Ga. 201 (232 SE2d 76) and now contained in OCGA § 19-9-48 (b) that the courts of this state will not exercise jurisdiction in cases such as this. The general rule is that the court where the parent with legal custody resides has the exclusive right to award change of custody. This is true whether the legal custodian lives in another state, or in another county, and irrespective of the physical presence of the child. *Mat-*

*thews*, supra. The only exception to this rule is when the court decides that the exercise of its jurisdiction is required in an emergency situation. *Webb v. Webb*, 245 Ga. 650, 651 (266 SE2d 463). This exception, however, is limited to a "situation in which an extreme emergency exists authorizing conduct of the noncustodial parent which otherwise would be contrary to the public policy of this state." *Bishop v. Bishop*, 247 Ga. 56, 57 (273 SE2d 394); *Yearta v. Scroggins*, 245 Ga. 831, 832-833 (268 SE2d 151). Plainly no such emergency existed in this case, and the trial court made no mention of any unusual circumstances which might exist. If it is in the child's best interest that child custody be changed, the noncustodial parent must, instead of retaining the child unlawfully, seek a change of custody where jurisdiction lies. *Etzion v. Evans*, 247 Ga. 390, 393 (276 SE2d 577). Therefore, the trial court should have refused to provide a forum for relitigating custody. *Yearta v. Scroggins*, supra; *Harper v. Landers*, 180 Ga. App. 154, 156 (348 SE2d 698).

Accordingly, the trial court erred by allowing Calvin Lightfoot to maintain this action as his claim was not then cognizable by the court. OCGA § 19-9-48 (b); *Matthews v. Matthews*, supra; *Yearta v. Scroggins*, supra.

2. Additionally, we find also that the trial court erred by finding jurisdiction under OCGA § 19-9-43 (a) (2). Ordinarily, jurisdiction over child custody cases is in the county of residence of the legal custodian (OCGA § 19-9-23 (a); *Matthews v. Matthews*, supra), and one of the purposes of the Uniform Child Custody Jurisdiction Act (UCCJA) is to "[a]ssure that litigation concerning the custody of a child takes place ordinarily in the state with which the child and his family have the closest connection and where significant evidence concerning his care, protection, training, and personal relationships is most readily available and also to assure that the courts of this state decline the exercise of jurisdiction when the child and his family have a closer connection with another state"; and the UCCJA "shall be construed" to promote its general purposes. OCGA § 19-9-41 (a) (3) and (b). Thus, in considering whether the trial court properly assumed jurisdiction over this case under OCGA § 19-9-43 (a) (2), we must consider that Code section in light of the stated purposes of the act.

OCGA § 19-9-43 (a) grants jurisdiction to decide child custody matters in cases such as this in limited circumstances of which only these are relevant here: (1) if this state is "the home state of the child at the time of commencement of the proceeding" (OCGA § 19-9-43 (a) (1) (A)); or (2) if this state had "been the child's home state within six months before commencement of the proceeding" and certain other criteria are met (OCGA § 19-9-43 (a) (1) (B)); *or* (3) if "[i]t is in the best interest of the child that this court assume jurisdiction"

because the child and his parents or the child and at least one contestant have a significant connection with this state (OCGA § 19-9-43 (a) (4) (B)); and [t]here is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships." OCGA § 19-9-43 (a) (2) (B).

Under the facts of this case, these criteria were not met. Georgia was not the home state of the child and was not the home state of the child within six months of the commencement of the proceedings. Further, except for his visits to his father, the child had no significant connection to this state. Instead, the infant has lived all but a few months of his life with his mother in Florida. Since under OCGA § 19-9-43 (b), the physical presence of the child and of one of the contestants is not alone sufficient to vest jurisdiction in the trial court, we must consider whether "substantial evidence" was present. In doing so we note the trial court did not specify the nature, scope or quantity of the evidence, and we conclude from this that the evidence presented during the hearing was the evidence on which the trial court based its jurisdictional finding. "Such 'bootstrapping' would not appear to be consistent with the overall spirit and purpose of the UCCJA, which seeks to 'assure that custody proceedings take place in the state with which the child and his family have the closest connections. [Cits.]" *Gordon v. Gordon*, 185 Ga. App. 100, 103 (363 SE2d 353). Therefore, we find no evidence to sustain the trial court's findings under OCGA § 19-9-43 (a) (2). *Craighead v. Davis*, 162 Ga. App. 145, 147 (290 SE2d 358). Accordingly, the trial court erred by denying appellant's motion to dismiss. *Kemp v. Sharp*, 261 Ga. 600, 601 (409 SE2d 204).

3. The last enumeration of error asserts that the evidence was insufficient to sustain the trial court's change of custody, and we agree. Although the trial court is vested with discretion in these matters which will not be disturbed absent abuse, we can affirm the trial court only if there is reasonable evidence to support the decision. See *Hayes v. Hayes*, 199 Ga. App. 132, 133 (404 SE2d 276). Further, the change of circumstances sufficient to authorize a change of custody must be a new, material change in circumstances of either the child or the parents which might affect substantially the health, happiness, or welfare of the child. *Handley v. Handley*, 204 Ga. 57, 59 (48 SE2d 827). There is no reasonable evidence in this record upon which the trial court could find that a material change of condition has occurred. *Strese v. Strese*, 237 Ga. 334 (227 SE2d 749).

Accordingly, as the trial court was without jurisdiction, the judgment of the trial court must be vacated and the case remanded to the trial court with direction to dismiss the complaint.

*Judgment vacated with direction. Pope, C. J., and Andrews, J., concur.*

Decided September 27, 1993.

*Vansant, Corriere & McClure, K. Alan Dasher*, for appellant.
*Geer & Rentz, Donald D. Rentz*, for appellee.