## A97A2563. ROZIER v. BERTO.
(496 SE2d 544)

BLACKBURN, Judge.

Hubert Franklin Rozier, Jr. appeals the dismissal of his petition for a change in custody of his minor daughter from his ex-wife, Lynn Elizabeth Berto, to himself pursuant to the Uniform Child Custody Jurisdiction Act (UCCJA), OCGA § 19-9-40 et seq. The trial court dismissed Rozier's petition based on insufficiency of process and service of process and lack of personal jurisdiction over Berto, a Virginia resident. For the reasons set forth below, we affirm the trial court's dismissal of this case.

In response to a phone call from Berto on July 25, 1996, Rozier traveled to Berto's home in Virginia to pick up his daughter and take her back to Georgia for a visit. Rozier's current wife, who answered Berto's phone call, alleged that Berto told her that someone was stalking the child and that she wanted Rozier to take the child to a

safer place. Rozier testified that when he arrived at Berto's home on July 26, 1996, his daughter was filthy, improperly clothed, and generally neglected. Berto, on the other hand, contended that she called Rozier to ask him to pick up their daughter early for a planned visitation because she was in the process of moving into a new apartment. Berto testified that she "thought it would be better for [her daughter] to be away and in a happy environment instead of having to move and juggle things." Berto also refuted Rozier's claims that their daughter was dirty and neglected.

After returning to Georgia with his daughter on July 27, 1996, Rozier filed his petition for change of custody on August 2, 1996. He requested therein an emergency ex parte order giving him temporary custody. Rozier's emergency custody order was granted on August 2, 1996, and he was awarded temporary custody of his daughter until a hearing could be held on the matter.

On August 10, 1996, Berto was personally served at her home in Virginia with a copy of the petition and the emergency custody order which contained a rule nisi requiring Berto to "appear and show cause before the presiding Judge in the Superior Court of Jones County, Georgia at 9:00 o'clock a.m. on the 15th day of August, 1996, if she can, why the demands of [Rozier] should not be granted." The process served upon Berto did not include a summons. The trial court ultimately dismissed Rozier's petition in its order filed June 5, 1997, finding that it lacked personal jurisdiction over Berto due to the insufficiency of process and insufficiency of service of process in that no summons was attached to the petition.

Pretermitting a determination of the correctness of the trial court's reasoning, we review the question of whether the trial court properly exercised its emergency jurisdiction. This is the threshold issue, as without such condition, Georgia cannot exercise subject matter jurisdiction under OCGA § 19-9-43 (a) (3) (B). "Ordinarily, jurisdiction over child custody cases is in the county of residence of the legal custodian (OCGA § 19-9-23 (a); *Matthews v. Matthews*, [238 Ga. 201 (232 SE2d 76) (1977)]), and one of the purposes of the . . . UCCJA is to assure that litigation concerning the custody of a child takes place ordinarily in the state with which the child and his family have the closest connection and where significant evidence concerning his care, protection, training, and personal relationships is most readily available and also to assure that the courts of this state decline the exercise of jurisdiction when the child and his family have a closer connection with another state; and the UCCJA shall be construed to promote its general purposes. OCGA § 19-9-41 (a) (3) and (b)." (Punctuation omitted.) *Lightfoot v. Lightfoot*, 210 Ga. App. 400, 402 (2) (436 SE2d 700) (1993). In other words, the UCCJA favors the hearing of custody matters in a child's home state, "the state in which

the child, immediately preceding the time involved, lived with his parents, a parent, or a person acting as a parent for at least six consecutive months." OCGA § 19-9-42 (5). In this case, the home state is clearly Virginia.

There is, however, a limited exception to this general rule of home state jurisdiction in certain cases of emergency arising in a state other than the home state. OCGA § 19-9-43 (a) (3) provides that a Georgia court may exert its jurisdiction over a child custody matter if the child is physically present in Georgia, and if the child has either been abandoned or it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent.

Before invoking jurisdiction under this exception, a Georgia trial court should remember the purpose of the statute and determine that an emergency exists which demands the exercise of jurisdiction by such Georgia court rather than by the courts of the child's home state. As a general matter, if the emergency pled before the court developed in the home state prior to the time the child was brought into Georgia, Georgia courts should decline jurisdiction in favor of the home state, absent compelling reasons for the Georgia court to do otherwise.

In this case, there was no true emergency which required the Georgia court to exercise jurisdiction for the protection of the child. Here, the child was in the physical custody of Rozier and was in no immediate danger under his version of the facts. The Virginia court was the proper venue in which he should have sought relief. There is nothing here which would have justified litigating the matter in Georgia, rather than Virginia, except the convenience of the father. Although Rozier contends that his daughter may have been neglected by Berto, such neglect, if it existed, arose and was discovered by Rozier in Virginia, and his claims could have been presented in the home state of Virginia.

We note also that Rozier did not take his daughter to a medical doctor until August 7, 1996, approximately eleven days following his return to Georgia and five days following his emergency filing. After this doctor informed Rozier that the examination he requested was "too in-depth for him," Rozier did not have his daughter examined by a child abuse specialist until August 13, 1996, 17 days following his return to Georgia and 11 days following his emergency filing. Only the specialist testified at the hearing, and her testimony concerning the child's condition was, at best, indefinite and equivocal.

The purpose of the emergency exception to home state jurisdiction is to allow an appropriate non-home state court to exercise jurisdiction where the circumstances and the well-being of the child demand immediate action in such state. In *Webb v. Webb*, 245 Ga. 650

(266 SE2d 463) (1980), state authorities requested the Georgia non-custodial parent to come to Florida and pick up the children because the custodial parent had left them unsupervised in Florida while she visited a distant city. In that case, the circumstances justified the exercise of jurisdiction by the Georgia court upon the children's return to Georgia, because they were removed at the request of state authorities and they continued in their abandoned state upon their return to Georgia. Furthermore, our Supreme Court specifically limited *Webb* to its facts, that is, a situation in which an extreme emergency exists authorizing conduct of the non-custodial parent which otherwise would be contrary to the public policy of this state. See *Bishop v. Bishop*, 247 Ga. 56, 57 (273 SE2d 394) (1981); *Craighead v. Davis*, 162 Ga. App. 145, 148 (2) (290 SE2d 358) (1982).

*Webb* is easily distinguished from the matter before us. Here, Berto had not abandoned her child. Quite to the contrary, she was with her daughter when Rozier arrived in Virginia. Furthermore, it was Berto herself, not state authorities, who called for Rozier to have the child visit with him, although the reason for such request is disputed. Even under Rozier's version of the facts, Berto's request that he come to Virginia was an act of protecting their daughter, quite unlike the circumstances central to the holding in *Webb*. Accordingly, *Webb* does not require a different result in the present case in which there was no extreme emergency.

This Court does not pass on who should be granted custody of this child. We merely determine that there is no basis for a Georgia court, rather than a Virginia court, to exercise jurisdiction in this matter. It is therefore unnecessary for this Court to address the trial court's determination as to personal jurisdiction, in that it dismissed Rozier's petition. As this Court will affirm a trial court's ruling which is right for any reason, we affirm the dismissal of Rozier's petition for change of custody. *Goss v. Total Chipping*, 220 Ga. App. 643, 647 (5) (a) (469 SE2d 855) (1996).

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED FEBRUARY 3, 1998.

*G. Samuel Burnette*, for appellant.
*Fred I. Graham*, for appellee.
Lynn E. Berto, *pro se*.