S13A0508. JACKSON v. SANOMI.
(742 SE2d 717)

THOMPSON, Presiding Justice.

In this habeas corpus child custody case, appellant mother appeals from an order of the DeKalb County Superior Court refusing

to modify a foreign jurisdiction's award of custody to appellee father. Because the superior court lacked jurisdiction to modify the award of custody, we affirm.

In 2007, a New Jersey court entered an order awarding sole custody of the parties' minor child to father. At that time, the child was five years old. Following entry of the New Jersey order, father and child have been living in Nigeria; mother has been living in Georgia. In 2012, father and mother agreed that the child would visit mother from June 15, 2012 until August 1, 2012. When the visitation period expired, mother refused to return the child to father, claiming child, who is now ten years old, pleaded to stay with her because he was afraid of ongoing violence near his home and school in Nigeria. Father sought and the New Jersey court granted an ex parte order requiring mother to surrender the child to father. Days later, father filed a habeas corpus petition in the DeKalb County Superior Court for the child's return. Admitting father was entitled to legal custody pursuant to the New Jersey order, mother responded to father's petition for habeas corpus by seeking a modification order changing custody. The superior court determined it was without jurisdiction to modify the New Jersey custody award and ordered mother to deliver the child to father's representative.

Mother contends the superior court erred in refusing to take jurisdiction of this case under the Uniform Child Custody Jurisdiction and Enforcement Act (OCGA § 19-9-40 et seq.). We disagree. The UCCJEA provides, in pertinent part, that a court of this state cannot modify a child custody determination made by a court in another state

> . . . unless a court of this state has jurisdiction to make an initial determination under paragraph (1) or (2) of subsection (a) of Code Section 19-9-61 and:
> (1) The court of the other state determines it no longer has exclusive continuing jurisdiction under Code Section 19-9-62 or that a court of this state would be a more convenient forum under Code Section 19-9-67; or
> (2) A court of this state or a court of the other state determines that neither the child nor the child's parents or any person acting as a parent presently resides in the other state.

OCGA § 19-9-63. This provision makes it clear that, in order for a court in this state to modify the custody ruling of a foreign jurisdiction, the requirements of paragraphs (1) or (2) of OCGA § 19-9-61 (a)

must be satisfied by showing:

> (1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;
>
> (2) A court of another state does not have jurisdiction under paragraph (1) of this subsection, or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under Code Section 19-9-67 or 19-9-68 and:
>
> > (A) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and
> >
> > (B) Substantial evidence is available in this state concerning the child's care, protection, training and personal relationships[.]

OCGA § 19-9-61 (a). Because the requirements of neither paragraph (1) nor paragraph (2) were satisfied in this case, the superior court was without jurisdiction to modify the New Jersey custody order. Compare *Lopez v. Olson*, 314 Ga. App. 533 (724 SE2d 837) (2012) (modification of foreign child custody order proper) with *Delgado v. Combs*, 314 Ga. App. 419 (724 SE2d 436) (2012) (court lacked jurisdiction to modify foreign child custody order).

It cannot be said that the superior court was empowered to exercise temporary emergency jurisdiction. OCGA § 19-9-64 (a) authorizes temporary emergency jurisdiction only "if the child is present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because the child or a sibling or parent of the child is subjected to or threatened with mistreatment or abuse." Mother's allegations that the child feared returning to Nigeria because of ongoing violence there does not meet these statutory criteria. See *Rozier v. Berto*, 230 Ga. App. 427 (496 SE2d 544) (1998) (state other than home state can exercise jurisdiction under emergency exception only where circumstances and well-being of child demand immediate action) (decided under predecessor to OCGA § 19-9-64).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 6, 2013.

*Venice R. Daley*, for appellant.

*Wilson, Morton & Downs, Fred L. Cavalli, Michael R. Granims,* for appellee.